NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5422-12T3

HERBERT WREDEN and KAREN
WREDEN,

      Plaintiffs-Appellants,

v.

TOWNSHIP OF LAFAYETTE,

      Defendant-Respondent,

and

SNOOK'S EXCAVATING, INC., and
FINELLI CONSULTING ENGINEERS, INC.,

      Defendants.

_____

> **APPROVED FOR PUBLICATION**
>
> **June 17, 2014**
>
> **APPELLATE DIVISION**

      Argued June 4, 2014 — Decided June 17, 2014

      Before Judges Fuentes, Fasciale and Haas.

      On appeal from the Superior Court of New
      Jersey, Law Division, Sussex County, Docket
      No. L-460-11.

      Lisa Nichole Roskos argued the cause for
      appellants (Andrew M. Wubbenhorst, LLC,
      attorneys; Ms. Roskos, on the briefs).

      Roy E. Kurnos argued the cause for
      respondent (Belsole and Kurnos, LLC,
      attorneys; Mr. Kurnos, on the brief).

      The opinion of the court was delivered by

HAAS, J.A.D.

Plaintiffs appeal from a February 8, 2012 Law Division order dismissing their complaint against defendant Township of Lafayette (the Township), and the court's April 23, 2012 order denying their motion to amend their complaint to add an inverse condemnation claim against the Township. We reverse and remand.

We discern the following facts from the face of plaintiffs' June 28, 2011 complaint, giving plaintiffs the benefit of all reasonable factual inferences. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). Plaintiffs own property in the Township, where they maintain their home, and a "horse barn and fields for grazing and other uses relating to the boarding of horses." In 2007, the Township contracted with defendants Finelli Consulting Engineers, Inc. (Finelli) and Snook's Excavating, Inc. (Snook's) "to design and construct a retaining wall and provide water drainage along [a road] adjacent to Plaintiffs' property." Plaintiffs alleged

> [t]he storm water drainage from the roadway and adjacent properties was designed in such a way as to direct water to come onto Plaintiffs' property, causing flooding conditions about Plaintiffs' land and structures, onto Plaintiffs' septic field, and in such a manner so as to cause damage to Plaintiffs' property and inhibit Plaintiffs' use of same.

Plaintiffs asserted "[t]he retaining wall designed and constructed by Defendants was defectively engineered and built,

lacked appropriate foundation and support, [and] included defective materials and workmanship."

On January 28, 2008, plaintiffs served a Notice of Tort Claim upon the Township. In pertinent part, the notice stated:

> C. The date, place and other circumstances of the occurrence which gave rise to the claim asserted is that the Township of Lafayette Road Department on or about November 12, 2007 undertook the construction of a retaining wall and drainage structures within the right of way of [a road], adjacent to the Claimant's property . . ., which increase the volume of stormwater runoff and further concentrate and accelerate the flow of stormwater runoff from [the road] onto the Claimant's property without the benefit of an easement or legal right to so discharge stormwater runoff onto the Claimant's property.
>
> D. A general description of the injury, damage or loss incurred so far is the unauthorized diversion of stormwater runoff by means of drainage structures onto the Claimant's property causing stormwater related damage and flooding of Claimant's property and attendant loss of property value due to the highly unsightly structures constructed by the Township.
>
> . . . .
>
> F. The amount of the claim as of the date of this Notice is unknown, however, <u>the claim is for a continuing trespass on Claimant's property and damage to Claimant's property by the unlawful diversion of stormwater runoff as described in Subparagraphs C and D above</u>.
>
> [(Emphasis added).]

A-5422-12T3

In 2009, the retaining wall "collapsed onto Plaintiffs' property sending large blocks of concrete tumbling onto Plaintiffs' property and causing an unstable and unsafe roadway frontage . . . in front of Plaintiffs' property." Plaintiffs alleged "[t]he conditions caused by Defendants' actions and/or omissions continue[] to the present, including the collapsed wall onto [their] property, continued runoff and discharge of water from [the road] onto Plaintiffs' property resulting in flooding and interference with Plaintiffs' use of their property."

On June 28, 2011, plaintiffs filed their original four-count complaint against the Township, Finelli and Snook's. Plaintiffs sought compensatory damages and injunctive relief relating to the alleged damage to their property due to the construction and collapse of the retaining wall, as well as damage from the Township's drainage systems that directed water onto their property.

Finelli and Snook's filed answers to the complaint. However, the Township responded by filing a motion to dismiss the complaint for failure to state a cause of action pursuant to Rule 4:6-2(e). The Township submitted two certifications in support of its motion. A Township Committee member certified that he authorized Finelli, the Township's engineer, "to develop

4                                                      A-5422-12T3

plans to stabilize" the road adjacent to plaintiffs' property, and that he later met with Finelli and Snook's "to discuss proposed drainage improvements to" the roadway. The Committee member stated he reported his "findings and discussions" concerning the project to the Township Committee and that, "with the full authority of the Township Committee[,]" he approved the plan prepared by Finelli for construction of the project. The second certification was prepared by the Township Clerk, who stated that plaintiffs' January 28, 2008 notice of tort claim was the only such notice they submitted. Plaintiffs opposed the Township's motion.

After hearing oral argument, the judge entered an order on February 8, 2012 granting the Township's motion and dismissing plaintiffs' claims against the Township. In an accompanying written statement of reasons, the judge summarized the allegations set forth in plaintiffs' complaint, but also reviewed the certifications submitted by the Township.

Although the judge acknowledged that plaintiffs were alleging a continuing tort by the Township, he stated that "[t]he Court makes no determination on whether the actions complained of by the Plaintiffs constitute a continuing tort." Thus, the judge made no findings of fact concerning whether defendants' actions constituted a continuing tort, or when

plaintiffs' cause of action for their alleged continuing tort accrued.

Instead, the judge noted that, under N.J.S.A. 59:8-8b, claims against a public entity are barred if the plaintiff has not "file[d] suit in an appropriate court of law" and "[t]wo years have elapsed since the accrual of the claim[.]" The judge focused solely on the date plaintiffs filed their notice of claim, January 28, 2008, and found that, because plaintiffs did not file their complaint until over three years later on June 28, 2011, "any claims which the Plaintiffs could have brought under the 2008 Notice have since expired."

At the same time, the judge's opinion states that "any tort claims accruing against [the Township] prior to June [28], 2009 [are] barred by N.J.S.A. []59:8-8b and must be dismissed." Thus, it appears the judge intended that plaintiffs could proceed with any claims against the Township that arose during the two-year period preceding the filing of their complaint on June 28, 2011. However, the judge did not address plaintiffs' contention that they suffered damage to their property and septic field from the continuous flooding caused by the project during this period. Instead, the judge focused solely upon the collapse of the retaining wall in 2009. Stating that this incident constituted "a new tort" and required the filing of "a

new notice" of tort claim, the judge ruled that plaintiffs were barred from seeking damages for this incident under N.J.S.A. 59:8-8a because they did not file such a notice within ninety days of the wall's collapse onto their property.

Relying upon the Township Committee member's certification concerning the approval of the design plan for the project, the judge also found that the Township was entitled to plan or design immunity under N.J.S.A. 59:4-6.

Plaintiffs' litigation continued against Finelli and Snook's. During the course of discovery, plaintiffs learned that a portion of the retaining wall and drainage system had actually been constructed on their property. Thus, plaintiffs filed a motion to file an amended complaint. In count five of the amended complaint, plaintiffs asserted that Finelli and Snook's "entered onto [their] property without authorization" in order to construct the project. In count six, plaintiffs raised an inverse condemnation claim against the Township.

In an April 23, 2012 order, the judge granted plaintiffs' motion to file an amended complaint against Finelli and Snook's, but denied the motion as to the Township. In a written statement of reasons, the judge stated that the February 8, 2012 order was a "final judgment" in favor of the Township; the inverse condemnation claim raised by plaintiffs arose "out of

the same series of events addressed in" that order; and the Township had been "provid[ed] . . . with an expectation of finality."  Therefore, the judge concluded that plaintiffs' motion to amend their complaint as to the Township was barred by the entire controversy doctrine.[1]  This appeal followed.

On appeal, plaintiffs contend the judge erred in finding that (1) their claims against the Township for a continuing tort were barred by N.J.S.A. 59:8-8b; (2) they were required to file a new notice of tort claim in order to seek damages for the collapse of the retaining wall onto their property; (3) the Township was entitled to plan or design immunity under N.J.S.A. 59:4-6; and (4) their inverse condemnation claim was barred by the entire controversy doctrine.  We agree with each of plaintiffs' contentions.

We review a grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court. See Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010), certif. denied, 205 N.J. 317 (2011).  A trial court should grant the dismissal "in only the rarest of instances." Printing Mart-Morristown, supra, 116 N.J. at 772.  Such review

---

[1] Plaintiffs settled their claims against Finelli and Snook's and a final order of disposition dismissing the matter was filed on June 12, 2013.

"is limited to examining the legal sufficiency of the facts alleged on the face of the complaint[,]" and, in determining whether dismissal under Rule 4:6-2(e) is warranted, the court should not concern itself with plaintiffs' ability to prove their allegations. Id. at 746. If "the fundament of a cause of action may be gleaned even from an obscure statement of claim," then the complaint should survive this preliminary stage. Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 626 (1995). "The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." Printing Mart-Morristown, supra, 116 N.J. at 746.

Applying these principles to the present case, we conclude the judge erred in finding that plaintiffs' complaint was barred by the two-year statute of limitations set forth in N.J.S.A. 59:8-8b. Plaintiffs clearly alleged a continuing tort on the part of the Township. Yet, the judge specifically declined to make any "determination on whether the actions complained of by the Plaintiffs constitute a continuing tort." As discussed below, such a determination was absolutely critical to a proper resolution of this matter.

The "continuing tort doctrine," also known as the "continuing violation doctrine," provides that when an

individual is subjected to a "continual, cumulative pattern of tortious conduct," the statute of limitations period begins only when the wrongful action ceases.  <u>Wilson v. Wal-Mart Stores</u>, 158 <u>N.J.</u> 263, 272 (1999).   When a court finds that a continuing nuisance has been committed, the new tort is an "alleged present failure" to remove the nuisance, and "[s]ince this failure occurs each day that [defendant] does not act, the [defendant's] alleged tortious inaction constitutes a continuous nuisance for which a cause of action accrues anew each day."  <u>Rapf v. Suffolk Cnty.</u>, 755 <u>F.</u>2d 282, 292 (2d Cir. 1985).   "Essentially, courts in those cases impose a duty on the defendant to remove the nuisance."  <u>Russo Farms, Inc. v. Vineland Bd. of Educ.</u>, 144 <u>N.J.</u> 84, 100 (1996).

In the present case, plaintiffs rely substantially on <u>Russo Farms</u>, where the Court applied the continuing nuisance doctrine to preclude a statute of limitations defense.  <u>Id.</u> at 104-05. In that case, a group of landowners sought to recover damages caused by flooding from the grounds of a nearby public school. <u>Id.</u> at 92-93.  The Court held that the flooding of real property is a physical invasion which ordinarily sounds in trespass, and "is also a nuisance if it is repeated or of long duration."  <u>Id.</u> at 99.   When a court finds the existence of a continuing nuisance, "it implicitly holds that the defendant is committing

a new tort, including a new breach of duty, each day, triggering a new statute of limitations."  Ibid.

As the Court explained in Russo Farms, whether the continuing tort doctrine applies directly affects the two-year statute of limitations for filing an action against a public entity under N.J.S.A. 59:8-8b.  Id. at 106-07.  In that case, the plaintiffs filed a notice of tort claim against the public entity on August 24, 1987, but did not file their complaint until July 18, 1990.  Id. at 106.  Because the continuing tort doctrine applied, the Court found that only those claims mentioned in the notice of claim that had accrued against the public entity prior to July 18, 1988, the first day of the two-year period that ran before the filing of the plaintiffs' complaint, would be barred under N.J.S.A. 59:8-8b.  Id. at 107.  However, the claims that continuously accrued each day during that two-year period could proceed.  Ibid.

In the present case, the judge made no determination as to the applicability of the continuing tort doctrine, even though that theory provided the underpinning for plaintiffs' entire complaint.  Instead, he mistakenly found that because more than two years had passed since the filing of plaintiffs' notice of tort claim on January 28, 2008, all of the claims set forth in the notice, including the continuing torts plainly alleged

therein, had "expired." Contrary to the judge's ruling, the date on which a notice of claim is filed does not mark the accrual date for a cause of action in a continuing tort case. Kolczycki v. City of E. Orange, 317 N.J. Super. 505, 519 (App. Div. 1999) (citing Russo Farms, supra, 144 N.J. at 106-07). Indeed, in Russo Farms, the Court permitted the plaintiffs to proceed with their claims against the public entity for damages sustained during the two-year period preceding the filing of their complaint, even though their notice of tort claim had been filed almost three years before their complaint. Russo Farms, supra, 144 N.J. at 106-07. Because the judge did not address the applicability of the continuing tort doctrine in this case or its impact on the accrual date of plaintiffs' cause of action, we are constrained to reverse and remand for further proceedings. We direct the judge to make detailed findings of fact and conclusions of law concerning the date of accrual of plaintiffs' claims and the applicability of the continuing tort doctrine in any future motion involving N.J.S.A. 59:8-8b.

We also disagree with the judge's conclusion that, even if plaintiffs were able to assert claims against the Township for the two-year period prior to the filing of their complaint on June 28, 2011, the only tort that occurred during that period was the collapse of the retaining wall. The judge also

mistakenly ruled that, because plaintiffs failed to file a second notice of claim for this "new tort" within ninety days of the wall's collapse, plaintiffs' claims concerning it were barred by N.J.S.A. 59:8-8a.

Plaintiffs alleged in their complaint that the flooding caused by the project continued throughout the entire two-year period prior to the filing of their complaint, independent of the wall's collapse sometime in 2009. Thus, contrary to the judge's conclusion, plaintiffs' claims during this period were certainly not limited to the collapse of the retaining wall.

Moreover, a new notice of claim was not required specifically for the wall collapse. As the Court observed in Beauchamp v. Amedio, "the 'notice of claim' referred to in N.J.S.A. 59:8-8 is really a misnomer. A person need not have or even contemplate filing a claim in order to trigger the notice provision. It is more properly denominated as a notice of injury or loss." Beauchamp v. Amedio, 164 N.J. 111, 121 (2000). Plaintiffs' January 28, 2008 notice of claim clearly advised the Township that they were alleging damages due to the flooding caused by "the construction of a retaining wall and drainage structures" adjacent to their property. Under these circumstances, the eventual collapse of the wall was merely a continuation of the tort plaintiffs had already described,

13                                                    A-5422-12T3

rather than "a new tort" that needed to be raised independently. Therefore, we conclude the judge erred by barring plaintiffs from seeking damages caused by the wall's collapse during the two-year period prior to the filing of their complaint.

We also agree with plaintiffs' argument that the judge erred in finding that the Township was entitled to plan or design immunity under N.J.S.A. 59:4-6. In making this finding, the judge relied upon the certification of the Township Committee member concerning his approval of Finelli's plans for the project. However, on a motion to dismiss under Rule 4:6-2(e), a judge is not permitted to look outside of the parties' pleadings. If a judge relies on matters outside the pleadings, a Rule 4:6-2(e) motion is automatically converted into a Rule 4:46 summary judgment motion. Pressler & Verniero, Current N.J. Court Rules, comment 4.1.2. on R. 4:6-2 (2014); see also Roa v. Roa, 200 N.J. 555, 562 (2010). The judge did not, however, grant the Township summary judgment. Rather, he dismissed the complaint for failure to state a claim upon which relief can be granted. Thus, we reverse the judge's conclusion that the Township was entitled to plan or design immunity at this point in the proceedings.[2]

_____

[2] Discovery had not been completed at the time the judge considered the Township's motion.

Finally, we conclude the judge mistakenly exercised his discretion in denying plaintiffs' motion to amend their complaint to include an inverse condemnation claim against the Township. The judge found that this new allegation was barred by the entire controversy doctrine. We disagree.

The entire controversy doctrine

> requires a litigant to present all aspects of a controversy in one legal proceeding. It is intended to be applied to prevent a party from voluntarily electing to hold back a related component of the controversy in the first proceeding by precluding it from being raised in a subsequent proceeding thereafter.
>
> [Hobart Bros. Co. v. Nat'l Union Fire Ins. Co., 354 N.J. Super. 229, 240-41 (App. Div.) (citations and internal quotation marks omitted), certif. denied, 175 N.J. 170 (2002).]

This doctrine does not support the denial of plaintiffs' motion to amend their complaint. At the time the motion was filed, the matter was not final as to all parties and all issues. Plaintiffs' claims against Finelli and Snook's remained unresolved. Thus, contrary to the judge's finding, no "final judgment" had been entered. Therefore, in order to comply with the entire controversy doctrine, plaintiffs were required to seek to amend their complaint to add the new inverse condemnation claim against the Township after its existence was revealed during discovery in the still-ongoing litigation. If

plaintiffs had not done so, the doctrine would have barred them from raising it in a subsequent proceeding. Therefore, on remand the plaintiffs shall be given the opportunity to file their amended complaint against the Township.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16                                    A-5422-12T3