**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3925-15T1

TYRONE MCEADY, ROBERT
BABNEW, and STEVEN L. FRITZ,

    Plaintiffs,

and

KAREN FELICIANO RUIZ,
KENYATTA KELLY, ORLANDO
SEGARRA, RAUL BELTRAN, JR.,
VINCENT J. SAUNDERS, MARK
S. HOOPES, CHRISTOPHER M.
KELLY, DARRYL LOFLAND, NEIL
W. LONG and HENRY L. MCLEOD,
JR.,

    Plaintiffs-Appellants,

v.

CAMDEN COUNTY POLICE
DEPARTMENT,

    Defendant-Respondent.

_____

       Argued March 21, 2017 — Decided April 21, 2017

       Before Judges Messano and Suter.

       On appeal from the Superior Court of New
       Jersey, Law Division, Camden County, Docket
       No. L-4444-15.

Christopher A. Macey argued the cause for appellants (Bell & Bell, L.L.P., attorneys; James A. Bell, IV, on the brief).

Benjamin S. Teris argued the cause for respondent (Brown & Connery, L.L.P., attorneys; Christine P. O'Hearn, of counsel and on the brief; Mr. Teris, on the brief).

PER CURIAM

This is yet another appeal with its genesis in "the City of Camden's decision to disband its municipal police department and to contract with Camden County for the delivery of police services . . . by a countywide police department." Redd v. Bowman, 223 N.J. 87, 94 (2015).[1] The unions representing Camden's police officers challenged the Civil Service Commission's approval of the reorganization plan, and we affirmed the Commission's decision in an unpublished decision. In re Camden County Police Dep't Pilot Program, No. A-1004-12, A-1018-12 (App. Div. Aug. 13, 2014).[2]

---

[1] The factual background is more fully set forth in the Court's opinion, id. at 97-102.

[2] Although citing an unpublished opinion is generally forbidden, we do so here to provide a full understanding of the issues presented and pursuant to the exception in Rule 1:36-3 that permits citation "to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law . . . ." See Badiali v. N.J. Mfrs. Ins. Grp., 429 N.J. Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015).

In 2013, the union representing Camden's rank and file police officers (the Union) also filed an action in the Law Division in lieu of prerogative writs (the Union's lawsuit) challenging the plan. Although originally not named in the complaint, the Union was granted leave to amend its complaint to add plaintiffs Tyrone McEady, Robert Babnew, Steven L. Fritz, Karen Feliciano Ruiz, Kenyatta Kelly, Orlando Segarra, Raul Beltran, Jr., Vincent J. Saunders, Mark S. Hoopes, Christopher M. Kelly, Darryl Lofland, Neil W. Long, and Henry L. McLeod, Jr. (collectively, plaintiffs), as individually-named plaintiffs. All plaintiffs were former city police officers whose employment terminated as part of the reorganization plan, and who, on the very day the motion to amend was filed, November 25, 2013, were not offered positions with the county police force. In support of the motion to amend, plaintiffs argued "nothing would presumably prevent the filing of an entirely new complaint, at least for the purposes of pursuing a claim of damages," but that would "require a consolidation of the matters or would otherwise negatively impact judicial economy."

Additionally, in 2013, the Union filed an unfair labor practice charge with the Public Employee Relations Commission (PERC). Plaintiffs McEady, Babnew, Segarra, Beltran, Saunders and Lofland were all added to the Union's amended PERC complaint in January 2014. PERC ultimately dismissed the charge.

In the Law Division, the trial court granted summary judgment and dismissed the Union's lawsuit. We affirmed that decision on appeal in an unpublished decision. <u>Fraternal Order of Police Camden Lodge #1, Inc. v. Cty. of Camden</u>, No. A-5588-13 (App. Div. Oct. 21, 2015).

Within a month of our decision, plaintiffs filed this complaint against defendant, Camden County Police Department (the Department), alleging violations of the New Jersey Law Against Discrimination (LAD), <u>N.J.S.A.</u> 10:5-1 to -49. Specifically, plaintiffs claimed the Department did not hire them because of their age, race or in retaliation for their opposition to illegal discrimination or harassment. The Department moved to dismiss the complaint based upon the Entire Controversy Doctrine (ECD).

In a concisely written, well-reasoned decision, Judge David M. Ragonese examined in detail the factual underpinnings contained in the Union's lawsuit, the PERC charge and the present suit. He noted plaintiffs' complaint acknowledged the Department informed them on November 25, 2013, they would not be rehired. Quoting the Court's opinion in <u>Wadeer v. New Jersey Manufacturers Insurance Co.</u>, 220 <u>N.J.</u> 591, 605 (2015), Judge Ragonese wrote it is "the core set of facts that provides the link between distinct claims against the same parties . . . and triggers the requirement that they be determined in one proceeding."

Applying this and other precedent, Judge Ragonese concluded plaintiffs' complaint was barred by the ECD. He reasoned:

> [P]laintiffs' LAD claims were required to be asserted in the 2013 action because those claims could be most soundly and appropriately litigated and disposed of in a single comprehensive adjudication. Plaintiffs were aware of their LAD claims while the prior action was pending. Plaintiffs' failure to develop their LAD claims in the prior action makes it fair that they be precluded from asserting them in a later action.

The judge further reasoned that plaintiffs' complaint "allege[d] a discrete act of retaliation and discrimination, which took place on November 25, 2013, when the county rejected their employment applications." Yet, plaintiffs unfairly "wait[ed], and upon obtaining an unfavorable result, refil[ed] under a different theory[,] . . . precisely the kind of unfairness the ECD strives to eliminate." Judge Ragonese granted the Department's motion and dismissed plaintiffs' complaint.[3]

Before us, plaintiffs reiterate their position asserted in the Law Division. They contend the Department failed to show their omission of LAD claims from the earlier suit was anything

---

[3] On the day the Department's motion to dismiss was heard, plaintiffs' counsel sought to voluntarily dismiss the complaint as to McEady, Babnew and Fritz, who apparently sought to pursue an administrative remedy for their discrimination claims. Although the record contains no order of dismissal, plaintiffs' amended notice of appeal reflects McEady, Babnew and Fritz are not participating in this appeal.

but "an innocent omission by . . . uninformed litigant[s]," the LAD case does not share "core facts" with the Union lawsuit, the Department suffered no prejudice, and fairness and equity militate against dismissal. We disagree and affirm substantially for the reasons expressed by Judge Ragonese. We add only the following brief comments.

"[T]he purpose[s] of the entire controversy doctrine 'are threefold: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay.'" Wadeer, supra, 220 N.J. at 605 (quoting DiTrolio v. Antiles, 142 N.J. 253, 267 (1995)). Throughout its various iterations, including as presently articulated in Rule 4:30A, the ECD always reflected "our long-held preference that related claims and matters arising among related parties be adjudicated together rather than in separate, successive, fragmented, or piecemeal litigation." Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 443 (2011).

Critically, "[t]he ultimate authority to control the joinder of parties and claims remains with the court; the parties may not choose to withhold related aspects of a claim from consideration

. . . ." _Id._ at 446 (emphasis added) (citations omitted). Therefore,

> [t]he [ECD] "requires a litigant to present all aspects of a controversy in one legal proceeding. It is intended . . . to prevent a party from voluntarily electing to hold back a related component of the controversy in the first proceeding by precluding it from being raised in a subsequent proceeding thereafter."
>
> [_Wreden v. Twp. of Lafayette_, 436 _N.J. Super._ 117, 129 (App. Div. 2014) (quoting _Hobart Bros. Co. v. Nat'l Union Fire Ins. Co._, 354 _N.J. Super._ 229, 240-41 (App. Div.) (citations and internal quotation marks omitted), _certif. denied_, 175 _N.J._ 170 (2002)).]

Despite plaintiffs' arguments to the contrary, we must conclude they "had ample opportunity to . . . fully litigate[] the[ir] claim[s] in the first action" but "simply chose not to." _DiTrolio_, _supra_, 142 _N.J._ at 274. We find nothing unfair or inequitable about applying the ECD under these circumstances to bar plaintiffs from litigating claims they knew of during the course of the prior litigation and failed to include, particularly since plaintiffs were added to the complaint in the Union's lawsuit by motion filed on the very day they were advised defendant would not rehire them.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION