**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2935-17T2

KVK TECH, INC. and AMRUTHAM,
INC.,

     Plaintiffs-Appellants,

v.

MUTHUSAMY SHANMUGAM,

     Defendant-Respondent.

_____

Submitted December 10, 2018 – Decided December 18, 2018

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1040-17.

Klehr Harrison Harvey Branzburg LLP, attorneys for appellants (Lisa A. Lori and Christopher J. Leavell, on the briefs).

Orrick, Herrington & Sutcliffe, LLP, attorneys for respondent (James H. McQuade (Orrick, Herrington & Sutcliffe, LLP), of the New York bar, admitted pro hac vice, Mark R. Thompson (Orrick, Herrington & Sutcliffe, LLP) of the New York bar, admitted pro hac vice, and Camille Joanne Rosca, on the brief).

PER CURIAM

Plaintiff KVK Tech, Inc. ("KVK") and its affiliate company, co-plaintiff Amrutham, Inc. ("Amrutham"), appeal the trial court's January 19, 2018 order dismissing with prejudice their complaint against defendant Muthusamy Shanmugam ("Shanmugam"). The dismissal was fundamentally based on entire controversy grounds, stemming from the parties' involvement about five years earlier in another Law Division case litigated in a different county and a separate lawsuit in Pennsylvania. We affirm.

KVK and Amrutham are developers, manufacturers, and distributors of generic pharmaceutical products. Shanmugam is a pharmaceutical professional who was employed by Novel Laboratories, Inc. ("Novel"), a generic drug manufacture and a competitor of KVK, as a Vice President of Technical Operations until May 2010.

On or about August 5, 2010, the brand name drug known as "SUPREP" appeared in the Food and Drug Administration (FDA) "Orange Book." The Orange Book is a publicly available list of drug products that are available for generic development. The Orange Book is routinely monitored by drug manufacturers as a source for new drugs available for generic development.

A-2935-17T2

On August 15, 2010, Shanmugam contacted KVK to discuss entering into a possible joint venture to develop the generic form of SUPREP ("the generic drug"). Shanmugam informed KVK that he learned, through the August 5, 2010 Orange Book listing, that SUPREP was subject to genetic manufacture. Shanmugam and KVK thereafter began discussions about potential financial terms of a joint venture. However, the parties never consummated a joint venture agreement.

On August 16, 2010, KVK began taking steps to develop the generic drug and also began to draft an Abbreviated New Drug Application ("ANDA") to submit to the FDA for approval.[1] The generic drug, if approved, was going to be manufactured and sold by KVK's affiliate, Amrutham.

On September 2, 2010, before KVK submitted the ANDA to the FDA, counsel for Novel sent a letter to KVK. The letter alleged Shanmugam was breaching his employment agreement with Novel by working with KVK on the development of the generic drug. Novel's allegations were based on a premise that Shanmugam worked on the generic drug while he was employed with Novel. Hence, Novel asserted ownership over Shanmugam's work on the generic drug.

---

[1] An ANDA is submitted to the FDA by a company seeking approval to manufacture and sell a generic drug product.

A-2935-17T2

After Novel sent the letter, Shanmugam advised KVK that he had never worked on the drug while employed at Novel. Even so, Shanmugam and KVK decided to cease working together, and Shanmugam had no further involvement in the manufacture of the generic drug.

Plaintiffs proceeded on their own with the development of the generic drug. In November 2010, Amrutham filed an ANDA for the generic drug with the FDA. About a week later, plaintiffs informed Novel that they had decided to pursue development of the generic drug. In addition, plaintiffs informed Novel that they had filed a declaratory action against Novel in the Court of Common Pleas of Bucks County, Pennsylvania, seeking an order declaring that their anticipated manufacture of the generic drug did not violate the terms of the agreement between Novel and Shanmugam (the "Pennsylvania action").

On February 3, 2011, Novel filed a lawsuit against KVK, Amrutham, and Shanmugam in the Law Division, Somerset County (the "Somerset action"). Novel's claims in the Somerset action centered on KVK and Amrutham's development of the generic drug. Shanmugam, KVK, and Amrutham cooperatively defended the Somerset action as codefendants for nearly nine months until November 2011. At that point, KVK sought to amend its answer to file cross-claims against Shanmugam.

A-2935-17T2

KVK's proposed cross-claim sought contribution and indemnification from Shanmugam in connection with the claims that Novel was asserting against KVK in the Somerset action. KVK sought leave to assert a cross-claim after depositions of several persons in the Somerset action placed in dispute the veracity of Shanmugam's representations to KVK about his role at Novel.

Judge Allison E. Accurso, J.S.C., who was then sitting in the Law Division, and handling the Somerset action, granted KVK's motion for leave to assert the cross-claims against Shanmugam on January 23, 2012. On February 7, 2012, KVK amended its answer to assert cross-claims against Shanmugam for contribution and indemnification.[2]

Thereafter, on February 16, 2012, Shanmugam and Novel entered into a settlement in connection with the Somerset action. Shanmugam then moved to

---

[2] KVK's proposed cross-claim reads: "KVK-Tech, Inc. ("KVK"), without admitting liability to plaintiff Novel Laboratories, Inc. and only in the event that KVK is held responsible for any damages alleged in the [c]omplaint, or any other relief granted to Novel on any grounds whatsoever, hereby demands contribution and indemnification under the Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 to -48, the Comparative Negligence Act, N.J.S.A 2A:15-5.1 to -5.8 and all other statutory, contractual or common law principles, from defendant Muthusamy Shanmugam, and any and all other third-party or fourth-party defendants hereinafter named by any party." There is no contractual indemnification provision between plaintiffs and Shanmugam in this case, so the cross-claim must be based on either common-law or statutory grounds.

A-2935-17T2

dismiss KVK's cross-claims for indemnification and contribution. KVK opposed Shanmugam's motion. In its opposition, KVK conceded the propriety of dismissal of its cross-claim for contribution, but pressed the claim for indemnification. Before oral argument on the motion, Assignment Judge Yolanda Ciccone, A.J.S.C., took over the case from Judge Accurso.

On June 15, 2012, Judge Ciccone heard oral argument on Shanmugam's motion to dismiss. Regarding contribution, Judge Ciccone noted that KVK "conceded its cross-claim for contribution cannot survive the motion." As to indemnification, Judge Ciccone granted Shanmugam's motion and dismissed KVK's cross-claim for indemnification "without prejudice." Judge Ciccone dismissed the cross-claim because KVK failed to plead the requisite "special relationship" between the parties. As Judge Ciccone reasoned:

> Thus, here, in order to survive this motion to dismiss, KVK must show a sufficient legal relationship to support its duty to indemnify.
>
> . . . .
>
> Here, KVK argues that any liability that KVK is found to have stems from the actions of Shanmugam, who directed KVK to the product at issue, and that the actions of KVK in pursuing the product that Shanmugam suggested were made in good faith.
>
> KVK admits that the only information provided from Shanmugam to KVK was the identity of the

product and nothing more. <u>Nothing in KVK's cross-claim supports that there's a sufficient legal relationship here giving rise to liability</u>.

Furthermore, <u>KVK has not informed the court that there is some other positive rule of common or statutory law providing a duty</u> in this matter giving rise to common law indemnification.

<u>Without more, and on the record, I am going to dismiss the cross-claims without prejudice</u>.

[(Emphasis added).]

After the entry of the dismissal without prejudice in June 2012, KVK and Amrutham continued to litigate the matter against Novel without the involvement of Shanmugam. KVK did not re-plead, or seek leave to re-plead, its claim for indemnification against Shanmugam during this time period.

On October 3, 2013, Novel, KVK, and Amrutham entered into a settlement agreement, which resolved both the New Jersey and Pennsylvania actions. Pursuant to the terms of the settlement agreement, Novel agreed to pay plaintiffs a sum of money over an eight-year period, and, in exchange, KVK and Amrutham agreed to withdraw their ANDA for the generic drug and agreed not to take any efforts to market it. The parties agreed that the matter was settled, notwithstanding their intent to formalize the terms in a written agreement.

A-2935-17T2

The parties never executed a written settlement agreement. Rather, at some point, Novel learned that KVK had subsequently partnered with another pharmaceutical company to create the generic drug. Novel then moved to enforce the terms of the settlement agreement.

On October 10, 2013, Judge Ciccone granted Novel's motion to enforce the settlement. KVK then appealed to this court, which affirmed Judge Ciccone's decision in an unpublished opinion issued on February 3, 2015. See Novel Laboratories, Inc. v. Shanmugam, No. A-2692-13 (App. Div. Feb. 3, 2015).

Nearly five years after Judge Ciccone's decision granting Shanmugam's motion to dismiss the cross-claim, KVK and Amrutham brought suit on February 21, 2017, in the Law Division in Middlesex County against Shanmugam, based fundamentally on the same issues and facts at issue in the Somerset action. In this new lawsuit, KVK and Amrutham allege causes of action for: intentional misrepresentation (count one), negligent misrepresentation (count two), and indemnification (count three). Amrutham joins KVK's purported indemnification cause of action, but does not join the purported misrepresentation causes of action.

In particular, KVK and Amrutham seek damages arising from Shanmugam's allegedly wrongful conduct, including the costs and expenses they incurred in connection with the Pennsylvania and New Jersey actions. KVK and Amrutham

allege in pertinent part that "[b]ut for the wrongful actions and inactions of Shanmugam, as described above, [p]laintiffs would not have been required to participate in the Pennsylvania Action and the New Jersey Action to protect their rights."

Shanmugam moved to dismiss plaintiffs' claims, principally contending they are precluded under the entire controversy doctrine. Following oral argument, Judge Arnold L. Natali, Jr., J.S.C., issued an oral decision, granting Shanmugam's motion to dismiss, relying primarily on the entire controversy doctrine. This appeal by plaintiffs ensued.

On appeal, plaintiffs argue the trial court misapplied the entire controversy doctrine. In addition, plaintiffs contend the court erred in not finding a viable indemnification claim in the absence of a pleading alleging a special relationship between plaintiffs and Shanmugam or, alternatively in not permitting an amendment or discovery to support such a relationship. Lastly, plaintiffs argue the court erred in dismissing their claims of intentional and negligent misrepresentation.

Having carefully considered these arguments in light of the record, the procedural history of the multiple litigations, and the applicable law, we affirm the trial court's dismissal of plaintiffs' claims in the Middlesex County lawsuit.

A-2935-17T2

We do so substantially for the sound reasons expressed in Judge Natali's detailed oral opinion. Only a few amplifying comments are in order.

Plaintiffs clearly violated the tenets of the entire controversy doctrine, and the public policies it is designed to advance, by failing to attempt to revive their claims in the Somerset action and instead waiting five years to present them in yet another lawsuit.

The entire controversy doctrine, as codified in Rule 4:30A, requires all parties to an action to raise all transactionally related claims in that action. R. 4:30A. "Underlying the [e]ntire [c]ontroversy [d]octrine are the twin goals of ensuring fairness to parties and achieving economy of judicial resources." Kent Motor Cars, Inc., v. Reynolds & Reynolds, Co., 207 N.J. 428, 443 (2011). The Supreme Court has articulated the goals of the doctrine to include "'the needs of economy and the avoidance of waste, efficiency and the reduction of delay, fairness to parties, and the need for complete and final disposition through the avoidance of piecemeal decisions.'" Ibid. (quoting Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989)). Furthermore, the doctrine is "'intended to be applied to prevent a party from voluntarily electing to hold back a related component of the controversy in the first proceeding by precluding it from being raised in a subsequent proceeding thereafter.'" Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 129 (App. Div.

2014) (quoting Hobart Bros. Co. v. Nat'l Union Fire Ins. Co., 354 N.J. Super. 229, 240-41 (App. Div. 2002)).

We recognize, as did the trial court, that Judge Ciccone's June 2012 order in the Somerset action dismissed KVK's cross-claim for indemnification on a "without prejudice" basis. However, in Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 333 (1995), the Supreme Court explained: "In certain circumstances, especially where a plaintiff manipulates the judicial system in order to fragment litigation, the principles underlying the entire controversy doctrine may mandate that a suit be barred even though it stems from the dismissal of a prior action without prejudice." (Emphasis added). See also DiTrolio v. Antiles, 142 N.J. 253, 278-79 (1995) (holding that a settlement or dismissal without prejudice is but one factor court should consider when applying entire controversy bar). The Court in Mystic Isle, quoting the Restatement (Second) of Judgements, explained:

> The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end. These considerations may impose such a requirement even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of the court.

A-2935-17T2

[Ibid. (emphasis added) (quoting Restatement (Second) of Judgments § 19 cmt. (a) (1982).]

We discern no practical or legal impediment that plaintiffs would have encountered in an attempt to revive the indemnification claim before a final global settlement was achieved in the Somerset and Pennsylvania actions. Instead, plaintiffs waited until those cases were long over, and the files were long closed, before bringing this present lawsuit many years later in a different forum. The effort bespeaks "forum shopping" and inefficiency. Moreover, as to Amrutham in particular, there was never any attempt to pursue a cross-claim on its behalf in the Somerset action, even though it was a co-defendant with KVK and Shanmugam in that case.

Judge Natali wisely applied the entire controversy doctrine in this case. In doing so, he appropriately recognized the time, effort, and expense that could have and should have been expended in the prior litigations if KVK wished to pursue claims of indemnification.

Moreover, we discern no merit to the substance of plaintiffs' proposed causes of action. No "special relationship" among the parties was established in a joint venture that was never consummated. Nor are there sufficient indicia of misrepresentation to justify reactivating litigation that had long since concluded, even if those claims could have been viable at a much earlier juncture.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2935-17T2