**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1673-24

S.S., ON BEHALF OF,
Minor Child, T.S.,

     Plaintiff-Appellant,

v.

WOODCLIFF LAKE BOARD
OF EDUCATION,

     Defendant-Respondent.

_____

     Submitted January 5, 2026 – Decided March 9, 2026

     Before Judges Natali and Walcott-Henderson.

     On appeal from the Superior Court of New Jersey, Law
     Division, Bergen County, Docket No. L-6324-24.

     S.S., self-represented appellant.

     Fogarty & Hara, Esq., attorneys for respondent (Robert
     D. Lorfink, of counsel and on the brief).

PER CURIAM

Plaintiff S.S.[1] appeals from a January 3, 2025 order dismissing his complaint for failing to serve a notice of claim upon defendant Woodcliff Lake Board of Education (Board) pursuant to N.J.S.A. 59:8-8, a provision of the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-1. Based upon our review of the record and applicable legal principles, we affirm in part and remand in part with instructions that the court amend its written order to clarify that plaintiff may proceed with his administrative appeal before the Department of Education.

Plaintiff's son, T.S., was an elementary student who was disciplined pursuant to the Board's Harassment, Intimidation, and Bullying (HIB) policy. The school's principal, who also served as the school's anti-bullying specialist, N.J.S.A. 18A:37-20, a provision of the Anti-Bullying Bill of Rights Act (ABBRA), N.J.S.A. 18A:37-13.2 to -47, investigated the incident and confirmed plaintiff's son had bullied another student. Plaintiff thereafter requested a hearing before the Board pursuant to N.J.S.A. 18A:37-15(b)(6)(d) to contest the principal's findings and conclusions.

At that hearing, plaintiff alleged the principal's factual findings were unreliable "because of certain procedural violations which . . . resulted in a

---

[1] We use initials to protect the privacy interests of the appellant and the minor child.

A-1673-24

violation of [T.S.'s] constitutional rights." He also argued the evidence, including the witness statements and reports, did not support a finding of HIB under ABBRA, N.J.S.A. 18A:37-15(b)(2), nor the Board's policy. The Board upheld the principal's findings that T.S. violated the HIB policy and rejected his claims of procedural irregularities.

Plaintiff thereafter filed an appeal with the Commissioner of the Department of Education, as permitted by N.J.S.A. 18A:37-15(b)(6)(e), and again alleged the evidence did not support the Board's determination or the principal's factual findings and maintained their actions violated T.S.'s constitutional rights. While plaintiff's challenge was pending before the Commissioner, he filed a three-count Law Division complaint in which he contended the Board's failure to adhere to proper procedures constituted common law torts against T.S., specifically negligence (count one), defamation (count two), and intentional infliction of emotional distress (count three).

Plaintiff specifically alleged the Board was negligent in its investigation because it failed to "obtain firsthand, signed statements, disregard[ed] confidentiality, and rel[ied] on hearsay and subjective interpretations." Plaintiff also argued the Board's actions during the investigation constituted defamation because it allowed false statements "to circulate among school staff and

A-1673-24

students."  Finally, he contended the Board's "failure to adhere to proper procedures, compounded by confidentiality breaches" caused T.S. to suffer from "severe emotional distress," establishing intentional infliction of emotional distress.

In his prayer for relief, plaintiff sought compensatory damages for the "emotional distress, reputational harm, and educational impacts suffered by T.S."  He also demanded injunctive relief and specifically an order directing the Board to "[i]nvalidate and [r]emove the HIB finding and decision from T.S.'s educational record if found procedurally unsound" and "[c]omply with procedural safeguards and maintain confidentiality standards in future HIB investigations."

In lieu of an answer, the Board filed a motion to dismiss, under Rule 4:6-2(e), based on plaintiff's failure to file a timely notice of a claim, as required by the TCA.  In its letter brief, the Board argued plaintiff's request for compensatory damages was barred, pursuant to N.J.S.A. 59:8-8, because he failed to provide a timely notice of claim.  It maintained the accrual date for plaintiff's causes of action was March 8, 2024, the date when the principal's investigation concluded.  The Board also noted that it was undisputed that

plaintiff failed to file a notice of claim at any time, let alone within ninety-days of the accrual date as statutorily mandated.

With respect to plaintiff's request for injunctive relief, the Board argued he failed to exhaust his administrative remedies. It maintained N.J.S.A. 18A:6-9 provides authority and jurisdiction to the Commissioner to "hear and determine . . . all controversies and disputes, arising under the school laws . . . ." It further asserted after the Board's determination, plaintiff's "redress lies solely with the Commissioner," pursuant to N.J.S.A. 18A:37-15(b)(6)(e). On this basis, it contended plaintiff's request for injunctive relief "must first be filed with the Commissioner of Education," with whom he has already filed an appeal. As such, the Board asserted the court "should decline to exercise jurisdiction and allow [p]laintiff's requests for injunctive relief . . . to be fully adjudicated before the Office of Administrative Law and the Commissioner of Education."

After considering the parties' arguments, the court issued an oral decision and explained plaintiff was "barred by statute from pursuing the monetary claims set forth in the complaint" against the Board for failing to file a timely notice of claim under the TCA. The court found that May 8, 2024, the date the Board affirmed the principal's findings, constituted the accrual date because that date "appears to be the time in which plaintiff became aware of . . . the alleged

deficiencies or issues that are now before the [c]ourt."  The court concluded plaintiff failed to file notice by August 6, 2024, the last date within the ninety-day period and found plaintiff "fil[ed] this lawsuit on October 30, 2024 and [did not] present[] any other documentary evidence sufficient to show compliance with the [TCA]."  The court further observed that plaintiff's "real intention [was] to . . . not necessarily seek financial redress."

The court also addressed plaintiff's separate request for injunctive relief and his pending administrative appeal.  Relying on the principle that "administrative remedies . . . must first be exhausted," the court concluded "any action [was] certainly premature and may in fact never [have to] be filed, depending upon the decision" in the administrative action.  The court also noted, however, that its decision "should not be presumed to address . . . the merits of this case" because the Commissioner "has not yet made a decision . . . ."  The court explained that the Commissioner and Office of Administrative Law "will adequately address" plaintiff's claims for injunctive relief and other related claims.  Finally, it stated that the parties "retain any and all rights that may flow from any decision that may [be] made . . . by the Commissioner… ."

The court's January 31, 2025 order, however, granted the Board's motion to dismiss "<u>with prejudice</u> for [p]laintiff's failure to file a [n]otice of [c]laim

6

with the Board within ninety days pursuant to N.J.S.A. 59:8-8 and [based on plaintiff's] failure to exhaust his administrative remedies." (emphasis added). Plaintiff sought reconsideration and requested the court "clarify whether dismissal with prejudice preclude[d him from] refiling after administrative exhaustion" and amend the dismissal to be "without prejudice" to preserve his right "to seek judicial review after administrative remedies are completed." After the court denied his reconsideration application, this appeal followed.[2]

Before us, plaintiff expressly concedes he does "not challenge the dismissal of claims under the [TCA], which stands affirmed," "does not seek review of any portion of the order related to the [TCA]," and "accepts that dismissal as final." This is consistent with his statements to the court at the January 3, 2025 hearing in which he explained his "primary reason to start this case was not … financial" or "to gain any financial means."

Rather, plaintiff maintains he is "only" concerned with the "prejudicial designation attached to the exhaustion ruling" and the injunctive relief he also sought. He argues the court's order seemingly dismissed with prejudice his administrative appeal and any subsequent judicial review he may seek. He

---

[2] We note at no point in the trial court proceedings did any party seek to stay the Law Division action.

A-1673-24

contends the court's order "prematurely blocks future litigation after administrative exhaustion is fulfilled" and asserts the court "cannot simultaneously avoid ruling on the merits and still prohibit [him] from ever bringing those claims." Plaintiff maintains the court's order contradicts its oral decision and argues "[w]hen there is a conflict between a trial court's oral ruling and a written order, the oral ruling governs."

We review an order granting a motion to dismiss for failure to state a claim "de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court." Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014). That standard is whether the pleadings even "suggest[ ]" a basis for the requested relief. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).

The court applies an abuse of discretion standard when reviewing an order denying reconsideration. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016); Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (stating reconsideration is "a matter within the sound discretion of the [c]ourt") (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). A trial court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an

impermissible basis.'"  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted).

The TCA waives the State's sovereign immunity but does so with certain requirements and limitations.  See N.J.S.A. 59:1-2 (explaining that "public entities shall only be liable for their negligence within the limitations of this act"); see also Nieves v. Off. of the Pub. Def., 241 N.J. 567, 574-75 (2020).  The statute's "guiding principle . . . is that immunity from tort liability is the general rule and liability is the exception."  Coyne v. Dep't of Transp., 182 N.J. 481, 488 (2005) (internal quotations omitted).  The Act, therefore, "imposes strict requirements upon litigants seeking to file claims against public entities." McDade v. Siazon, 208 N.J. 463, 468 (2011).

Among those requirements is that a claimant, prior to initiating suit, must file a notice of claim describing "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted . . . ." N.J.S.A. 59:8-4(a) to (f); see also O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 345 (2019).  The purpose of the notice is to allow the public entity to review and investigate the claim, afford it the opportunity to settle the claim, allow it to correct the conditions or practices that gave rise to the claim, and give it advance notice of its potential liability.  Velez v. City of Jersey City, 180 N.J. 284, 290

9

(2004). Accordingly, the notice of claim must also "be filed directly with the specific local entity at issue." McDade, 208 N.J. at 476; see also N.J.S.A. 59:8-7 ("[a] claim for injury or damages arising under this act against a local public entity shall be filed with that entity").

The section of the TCA addressing notice of claims, N.J.S.A. 59:8-8, provides a claim must be presented "not later than the 90th day after accrual of the cause of action." The statute further provides that a claimant will be "forever barred" from recovery against a public employee or entity if she the claimant fails "to file the claim with the public entity within 90 days of accrual except as otherwise provided in N.J.S.A. 59:8-9." N.J.S.A. 59:8-8(a). N.J.S.A. 59:8-9 provides a claimant who fails to file notice of his claim within ninety days may be "permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced" and must show "sufficient reasons constituting extraordinary circumstances."

"Ascertaining the timeliness of a [TCA] notice requires a simple, three-step sequential analysis that never changes." McNellis-Wallace v. Hoffman, 464 N.J. Super. 409, 416 (App. Div. 2020). "The first step is to determine when the cause of action accrued in accordance with N.J.S.A. 59:8-1." Ibid. "Once

10

the date of accrual is ascertained, one can proceed to the second step, which 'is to determine whether a notice of claim was filed within ninety days' as required by N.J.S.A. 59:8-8." Ibid. (quoting Beauchamp v. Amedio, 164 N.J. 111, 118 (2000)). "'If not, the third task is to decide whether extraordinary circumstances exist justifying a late notice' under N.J.S.A. 59:8-9." Ibid. (quoting Beauchamp, 164 N.J. at 118-19). In addition to extraordinary circumstances, there must also be a showing that the public entity is not "'substantially prejudiced'" by the late notice. McDade, 208 N.J. at 477 (quoting N.J.S.A. 59:8-9).

The TCA does not precisely define the term accrual. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133 (2017); N.J.S.A. 59:8-1 ("Accrual shall mean the date on which the claim accrued."). A claim "accrues" under the TCA "on the date of the accident or incident that gives rise to any injury, however slight, that would be actionable if inflicted by a private citizen." Beauchamp, 164 N.J. at 123.

Finally, among other provisions, ABBRA requires all school districts to adopt policies that outline procedures for reporting and investigating complaints of HIB. N.J.S.A. 18A:37-15. It mandates that investigations begin within one school day of an HIB report and be completed within ten school days of the written report. N.J.S.A. 18A:37-15(b)(6)(a). Once the results of the

11

investigation are provided to the superintendent and board of education, parents may receive information regarding the investigation and request a hearing with the board of education within ten days. N.J.S.A. 18A:37-15(b)(6)(b)-(d). After the hearing, where the board can decide to affirm, reject, or modify the HIB investigation, "[t]he board's decision may be appealed to the Commissioner of Education, in accordance with the procedures set forth in law and regulation, no later than 90 days after issuance of the board's decision . . . ." N.J.S.A. 18A:37-15(b)(6)(e).

We discern no basis to disturb the court's order to the extent it dismissed plaintiff's tort claims against the Board. First, plaintiff failed to brief any challenge to the court's TCA decision, and as a result any challenge is deemed waived. See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal."); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2026) ("It is, of course, clear that an issue not briefed is deemed waived."). That failure is entirely consistent with his position before the court and us not to substantively challenge that determination. Indeed, as noted in his merits brief, plaintiff explicitly accepts the court's factual findings, including with respect to the accrual date and does not recede from his admission before

12

the court that recovering compensatory damages was not the purpose of filing the complaint. Second, we discern nothing in the record on our de novo review to disturb the court's factual findings and related legal conclusions that the latest possible accrual date under the TCA with respect to plaintiff's tort claims was May 8, 2024, or that he failed to serve the Board with a notice of claim before filing his complaint.

We agree, in part, however, with plaintiff's argument that the court's written order dismissing his complaint with prejudice can be erroneously interpreted to preclude plaintiff's right to exhaust the administrative process before the Commissioner. "Generally, a dismissal that is 'on the merits' of a claim is with prejudice, but a dismissal that is 'based on a court's procedural inability to consider a case' is without prejudice." Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 243 (1998) (quoting Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 415-16 (1991)). Indeed, "a dismissal for failure to state a claim is [ordinarily] without prejudice." Pressler & Verniero, Current N.J. Court Rules, cmt. 4.1.1 on R. 4:6-2(e) (2026); see also Nostrame v. Santiago, 213 N.J. 109, 128 (2013). Second, it is well-accepted that if there is a conflict between a judge's oral opinion and a subsequent written order, the opinion will control. Taylor v. Int'l Maytex Tank Terminal Corp., 355 N.J.

13

Super. 482, 498 (App. Div. 2002) (citing State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div. 1956)).  Accordingly, for the purposes of clarity, we remand with instructions for the court to amend its order to provide that the order of dismissal for plaintiff's failure to exhaust his administrative remedy is without prejudice so that plaintiff may complete his administrative appeal.

We stress, however, that our opinion is limited to the issues and arguments properly raised before us.  Nothing in our opinion should be interpreted to address any future proceedings addressing any claims, such as constitutional claims, not raised in plaintiff's complaint or against any party other than the Board.  We also do not address any potential preclusive doctrine that may or may not affect future litigation related to the incident.

To the extent we have not specifically addressed any of the parties' remaining arguments, it is because we have determined they lack sufficient merit to warrant discussion in a written opinion.  See R. 2:11-3(e)(1)(E).

Affirmed in part and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

14