**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2933-24

HECTOR L. HUERTAS,

    Plaintiff-Appellant,

v.

PENNSAUKEN TOWNSHIP and
OFFICER WILLIAM RIVERA,

    Defendants-Respondents.

_____

Submitted May 20, 2026 – Decided June 12, 2026

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2937-24.

Hector L. Huertas, self-represented appellant.

Parker, McCay PA, attorneys for respondents (J. Brooks DiDonato, on the brief).

PER CURIAM

Plaintiff Hector L. Huertas appeals from a March 28, 2025 order dismissing his amended complaint against defendants Pennsauken Township (Township) and Township Code Enforcement Officer William Rivera[1] pursuant to Rule 4:6-2(e). Based on our review of the record and applicable law, we affirm.

I.

We glean the salient facts from the record, as settled by the trial judge pursuant to our September 3, 2025 order.[2] Plaintiff is the owner of real property located in the Township ("Property"). In July 2017, the Township issued plaintiff a violation notice for having overgrown weeds at the Property. Plaintiff sent several emails to the Township responding to the notice that listed his mailing address as a post office box.

On March 1, 2019, plaintiff contacted the Township Tax Assessor's Office and requested that any tax documents, correspondence from his mortgage company, and "all future correspondence," be sent to his "mailing address" at a different post office box in Camden.

---

[1] Plaintiff referred to the Township Code Enforcement Officer as "Official William Rivera" in the amended complaint.

[2] On August 1, 2025, we remanded the matter to the trial court for the limited purpose of settling the record to address certain issues raised by plaintiff.

A-2933-24

On September 10, 2024, the Township issued plaintiff a notice that he was in violation of the Township Code by maintaining overgrown grass along the curbside of the Property ("Notice"). The Notice was mailed to the Camden post office box as plaintiff requested. The Notice advised plaintiff to cut and remove the overgrown grass from his Property by September 23, 2024, to avoid legal action. Plaintiff cut and removed the grass on September 24, 2024.

That same day, plaintiff filed a Law Division complaint, alleging the Notice violated N.J.S.A. 40:48-2.7 because it was improperly served to his Camden post office box. After plaintiff filed an amended complaint and engaged in motion practice not pertinent to this appeal, he moved for entry of judgment on the pleadings. Defendants cross-moved to dismiss the amended complaint for failure to state a cause of action. The judge denied plaintiff's motion and granted defendants' cross-motion, dismissing plaintiff's amended complaint for the reasons set forth on the record after oral argument. The judge found the Notice was neither a "complaint" nor an "order" within the meaning of N.J.S.A. 40:48-2.7, and because the statute was inapplicable, plaintiff had failed to state a claim.

3

II.

Our review of a judge's decision on a motion to dismiss for failure to state a claim on which relief can be granted under Rule 4:6-2(e) is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021).

When considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, 237 N.J. 91, 107 (2019)). In determining the adequacy of the pleadings to sustain the motion, the court must determine "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)); see also Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124-25 (App. Div. 2014).

III.

We discern no error in the judge's dismissal of plaintiff's amended complaint for failure to state a claim because service of the Notice did not violate N.J.S.A. 40:48-2.7.

A-2933-24

N.J.S.A. 40:48-2.7 sets forth the procedure for serving "complaints" and "orders" commencing legal action for municipal ordinance violations:

> Complaints or orders issued by a public officer pursuant to an ordinance adopted under this act shall be served upon persons either personally or by registered mail, but if the whereabouts of such persons is unknown and the same cannot be ascertained by the public officer in the exercise of reasonable diligence, and the public officer shall make an affidavit to that effect, then the serving of such complaint or order upon such persons may be made by publishing the same once in a newspaper printed and published in the municipality, or, in the absence of such newspaper, in one printed and published in the county and circulating in the municipality in which the buildings are located. A copy of such complaint or order shall be posted in a conspicuous place on premises affected by the complaint or order. A copy of such complaint or order shall be duly recorded or lodged for record with the county recording officer of the county in which the building is located.

We discern no error in the judge's order dismissing the amended complaint with prejudice under Rule 4:6-2(e) for failure to state a cause of action because plaintiff's amended complaint does not contain even "the fundament of a cause of action," ibid., and "discovery will not give rise to [one]." Dimitrakopoulos, 237 N.J. at 107; see also Mac Prop. Grp. LLC & The Cake Boutique v. Selective Fire and & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022).

The Notice was neither a "complaint" nor an "order" subject to the service requirements of N.J.S.A. 40:48-2.7. Rather, the "Notice of Violation" informed plaintiff of potential legal action the Township might commence should he fail to cut the "high grass" and "curb line weeds" by September 23, 2024.

That the term "notice" is used separately in other statutory provisions supports the conclusion it is not an "order" or "complaint" under the ambit of N.J.S.A. 40:48-2.7. See N.J.S.A. 40:48-2.12d (allowing ordinances to set forth requirements for the "service of notices"); see also N.J.S.A. 40:48-2.31 (requiring at least seven-days written "notice" to remove or abate a nuisance be given to the owner of the premises). If plaintiff had not abated the condition, defendants would have then been obliged to serve any complaint commencing legal action to enforce the Township Code or resulting order in the manner prescribed in N.J.S.A. 40:48-2.7.

We reject plaintiff's argument that the judge erred by ruling "sua sponte." The only basis for relief stated in plaintiff's amended complaint was defendants' failure to comply with N.J.S.A. 40:48-2.7. Plaintiff's failure to state a cause of action was presented to the court through defendants' cross-motion for dismissal under Rule 4:6-2(e), rather than raised by the court on its own accord. See Printing Mart-Morristown, 116 N.J. at 746 (describing the task of the trial court

as determining "whether a cause of action is 'suggested' by the facts" (quoting Velantzas, 109 N.J. at 192)).

To the extent we have not otherwise addressed the parties' arguments, it is because they do not merit discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-2933-24