**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1112-17T1

ANTHONY DANIELS,

    Plaintiff-Appellant,

v.

HIGH POINT BOARD OF
EDUCATION, Superintendent
SCOTT D. RIPLEY, Director of
Safety and Security KEVIN
CRAIG, and PAUL DERIN,

    Defendants-Respondents.

_____

Argued October 31, 2018 – Decided January 11, 2019

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0152-17.

George T. Daggett argued the cause for appellant.

Eric L. Harrison argued the cause for respondents (Methfessel & Werbel, attorneys; Eric L. Harrison, of counsel; Boris Shapiro and Vivian Lekkas, on the brief).

PER CURIAM

Plaintiff Anthony Daniels appeals from the dismissal of his initial and amended complaints for failing to state a cause of action. Plaintiff alleged defendants[1] were involved in corrupt and illegal activity in creating and staffing the Director of Safety and Security position for the High Point Regional High School. After reviewing the contentions advanced on appeal in light of the record and applicable legal principles, we affirm.

We derive the facts from the complaints and view them in the light most favorable to plaintiff. Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989). Plaintiff was employed as a security officer by the BOE when the BOE posted a job opening for a newly created position, the Director of Safety and Security. Plaintiff alleges the requirements for this position were "so particularized" that only Craig could qualify for the job. At the time, Craig was Derin's neighbor. Plaintiff asserted that Derin persuaded the BOE to give the Superintendent a raise so the Superintendent in turn would create the position for Craig.

---

[1] Collectively, the defendants are: High Point Board of Education (BOE), BOE superintendent Scott Ripley (Superintendent), the Director of Safety and Security Kevin Craig (Craig), and BOE president Paul Derin (Derin).

Plaintiff submitted a job application for the position. It is uncontroverted that plaintiff never informed the school, or the BOE, of his concerns about the creation of the job. Plaintiff was not granted an interview and the BOE ultimately selected Craig for the position. Plaintiff alleged he was subsequently demoted to a part-time position and his salary was reduced; plaintiff thereafter resigned from his job.

In his first complaint, plaintiff alleged a hostile work environment, in violation of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8, and tortious interference with economic advantage. Defendants moved to dismiss the complaint under Rule 4:6-2 for a failure to state a ground for relief. After hearing argument, the motion judge issued an oral decision dismissing the complaint. The motion judge found plaintiff had failed to demonstrate any facts to support his CEPA claim because plaintiff did "not disclose, report or object to [the BOE's] hiring practices." The judge determined that the submission of "an application to a job posting does not meet the statutory definition of whistle[-]blowing pursuant to N.J.S.A. 34:19-3."

Thereafter, plaintiff filed an amended complaint, alleging identical facts as stated in the first complaint, and a common law cause of action under Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980). A different motion judge

heard oral argument, and dismissed the amended complaint in an October 2017 order and statement of reasons. Under Pierce, plaintiff bore the burden of 1) identifying a specific expression of public policy and, 2) establishing he was fired in contravention of that specific expression of public policy. Id. at 72. The judge concluded plaintiff had failed to satisfy his burden.

The motion judge found plaintiff's public policy arguments were merely "vague allegation[s] of corruption and conclusory allegation[s] of illegality," and failed to identify a "specific public policy as required" under Pierce. Additionally, the motion judge found: "[D]ischarging [plaintiff] was not [a] violation of public policy, submitting an application was not a right protected by [a] policy, nor was [plaintiff] discharged for declining to perform an act protected by [a] policy." Because plaintiff failed to identify a clear expression of public policy, the amended complaint was dismissed with prejudice.

On appeal, plaintiff argues 1) filling out the job application constituted a "whistle-blowing" activity under CEPA, and 2) he sufficiently pleaded a common law Pierce claim because defendants engaged in illegality and corruption. We are unpersuaded by these arguments.

Well-established principles guide our review of both of the trial court rulings. "We review a grant of a motion to dismiss a complaint for failure to

4

state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court." Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014).

As our Supreme Court has instructed, a reviewing court must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim." Printing Mart, 116 N.J. at 746 (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)); see also Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165 (2005). A trial court's role is simply to determine whether a cause of action is "suggested" by the complaint. Printing Mart, 116 N.J. at 746 (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

Although this standard is generally "a generous one" for plaintiff, a pleading will "be dismissed if it states no basis for relief and discovery would not provide one." Green v. Morgan Props., 215 N.J. 431, 451 (2013); Rezem Family Assocs. LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011). Mindful of this standard, our review of the complaints fails to reveal any "suggestion" of a cause of action, therefore requiring the dismissal of the complaints.

Plaintiff argues that filling out a job application constituted a "whistle-blowing" activity. In pertinent part, CEPA defines whistle-blowing activity, as:

> Disclos[ing], or threaten[ing] to disclose to a supervisor or to a public body an activity, policy or practice of the employer . . . that the employee reasonably believes:
>
> > (1) is in violation of a law, or a rule or regulation promulgated pursuant to law . . . or
> > (2) is fraudulent or criminal . . .
>
> . . . .
>
> Object[ing] to, or refus[ing] to participate in any activity, policy or practice which the employee reasonably believes:
>
> > (1) is in violation of a law, or a rule or regulation promulgated pursuant to law . . .
> > (2) is fraudulent or criminal . . . or
> > (3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.
>
> [N.J.S.A. 34:19-3(a) and (c)].

The Supreme Court has explained the plain language of the "whistle-blowing" statute "specifically refers to notification, or threatened notification, to an outside agency or supervisor . . . and also permits a claim to be supported by evidence that the employee objected to or refused to participate in the employer's conduct." Tartaglia v. UBS PaineWebber Inc., 197 N.J. 81, 106 (2008) (citing N.J.S.A. 34:19-3(a) and (c)).

Submitting an application for a posted job position does not establish "whistle-blowing" activity. Plaintiff never informed the school or BOE of his concerns about the new job. He argues, instead, that his job application for the posting served as his objection to his perception of the illegal payment of funds to the Superintendent in return for the particularized creation of a job. Plaintiff has not demonstrated the job application met the requirements for a CEPA claim under the applicable statute. See Klein v. Univ. of Med. & Dentistry of N.J., 377 N.J. Super. 28, 42 (App. Div. 2005) ("The whistle-blower legislation is not intended to shield a constant complainer who simply disagrees with the manner in which the [employer] is operating . . . its . . . [business], provided the operation is in accordance with lawful and ethical mandates."); see also Young v. Schering Corp., 275 N.J. Super. 221, 237 (App. Div. 1994) ("[CEPA] . . . was not intended to provide a remedy for wrongful discharge for employees who simply disagree with an employer's decision, where that decision is entirely lawful."). Plaintiff did not establish the requisite notification necessary to qualify as "whistle-blowing" activity.

We are similarly unpersuaded that plaintiff sufficiently pleaded a common law Pierce claim. As stated, "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy."

A-1112-17T1

<u>Pierce</u>, 84 N.J. at 72. The mandate of public policy must be clearly identified, firmly grounded, and cannot be "vague, controversial, unsettled, and otherwise problematic." <u>MacDougall v. Weichert</u>, 144 N.J. 380, 391-92 (1996). "If an employee does not point to a clear expression of public policy, the court can grant a motion to dismiss." <u>Pierce</u>, 84 N.J. at 73.

Here, the complaint only contains broad allegations of corruption, without providing the requisite facts to substantiate the allegations. The amended complaint failed to rectify the deficiencies noted in the initial complaint. We are satisfied both trial judges properly dismissed the complaints.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION