**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2399-19

JAMAR DEMBY,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,

     Defendant-Respondent.

_____

Submitted September 15, 2021 – Decided September 28, 2021

Before Judges Messano and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1615-19.

Jamar Demby, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Michael T. Moran, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Jamar Demby appeals from the January 3, 2020 order, dismissing his complaint with prejudice for failure to state a claim. We affirm.

In lieu of restating the record, we incorporate by reference the facts set forth in our unpublished opinion, State v. Demby, No. A-6039-05 (App. Div. Apr. 4, 2008) (slip op. at 1-3), and only highlight the facts pertinent to this appeal.

Plaintiff was convicted of various crimes arising from two incidents that occurred in broad daylight in July 2004. In the first incident, he entered a pharmacy in Camden, demanded cigarettes, and when a salesclerk asked him for money, plaintiff lifted his shirt and displayed what the clerk believed to be the handle of a gun. Plaintiff then helped himself to cigarettes from behind the sales counter. Two days later, he returned to the same pharmacy, but this time, he went behind the sales counter. When the pharmacist said, "excuse me," to plaintiff, he again lifted his shirt and displayed a gun. The gun plaintiff exhibited during these events was never recovered.

During the 2006 trial, the salesclerk and another employee who witnessed the first incident identified plaintiff as the perpetrator. Additionally, the pharmacist testified about the gun plaintiff displayed during the second incident.

A-2399-19

The jury convicted plaintiff of disorderly persons theft, N.J.S.A. 2C:20-3(a); first-degree robbery, N.J.S.A. 2C:15-1(b); second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1). He was sentenced to an eighteen-year prison term for the robbery offense, subject to the eighty-five percent parole disqualifier under the No Early Release Act, N.J.S.A. 2C:43-7.2, and nine years of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6(c). Appropriate fines and penalties, along with additional terms of incarceration for the remaining charges, were imposed, and in 2008, we affirmed plaintiff's conviction and sentence.

On August 1, 2018, plaintiff filed a civil complaint against the State of New Jersey. The State moved to dismiss the complaint under Rule 4:6-2(e), asserting two grounds for dismissal: (1) plaintiff's claims were time-barred under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3; and (2) his complaint failed to state a claim upon which relief could be granted. The motion judge dismissed the complaint with prejudice, triggering the instant appeal.

Plaintiff presents the following arguments for our consideration:

3

I. APPELLANT STATED A LEGITIMATE CLAIM FOR WHICH RELIEF COULD AND SHOULD HAVE BEEN GRANTED (RAISED BELOW).

II. THE TRIAL JUDGE ABUSED HIS DISCRETION BY DISMISSING PLAINTIFF['S]/APPELLANT['S] COMPLAINT WITH PREJUDICE. (NOT RAISED BELOW).

We are not persuaded.

Appellate courts review the grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019). Such review "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint," and, in determining whether dismissal under Rule 4:6-2(e) is warranted, the court should not concern itself with a plaintiff's ability to prove his or her allegations. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).

The TCA governs tort claims against the State. It declares that "the public policy of this State [is] that public entities shall only be liable for their negligence within the limitations of [the TCA]." N.J.S.A. 59:1-2. Additionally, the TCA "imposes strict requirements upon litigants seeking to file claims against public entities." McDade v. Siazon, 208 N.J. 463, 468 (2011). For

4

example, N.J.S.A. 59:8-8(b) specifically provides: "[t]he claimant shall be forever barred from recovering against a public entity or public employee if two years have elapsed since the accrual of the claim." TCA defines accrual as "the date on which the claim accrued and [it] shall not be affected by the notice provisions contained herein." N.J.S.A. 59:8-1. See also Russo Farms, Inc. v. Vineland Bd. of Educ., 144 N.J. 84, 98 (1996) (quoting Rosenau v. City of New Brunswick, 51 N.J. 130, 137 (1968)) ("The traditional rule is that a cause of action accrues on the date when 'the right to institute and maintain a suit'[] first arises.").

Here, plaintiff instituted suit against the State more than thirteen years after his 2006 conviction, alleging the State elicited false testimony from the pharmacist who testified against him at trial, and claiming this witness lied about plaintiff's use of a firearm. Plaintiff further alleged the State's actions resulted in his conviction and subsequent loss of liberty. Additionally, he asserted the TCA's two-year statute of limitations was tolled under the "continuous tort doctrine" because his injury was ongoing in that he suffered a "daily loss of liberty" while in prison. Plaintiff sought damages from the State in the sum of $35,000,000.

"The 'continuing tort doctrine,' also known as the 'continuing violation doctrine,' provides that when an individual is subjected to a 'continual, cumulative pattern of tortious conduct,' the statute of limitations period begins only when the wrongful action ceases." Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 125 (App. Div. 2014) (quoting Wilson v. Wal-Mart Stores, 158 N.J. 263, 272 (1999)). When a court finds that a continuing tort has been committed, "[i]t implicitly holds that the defendant is committing a new tort, including a new breach of duty, each day, triggering a new statute of limitations." Russo Farms, Inc., 144 N.J. at 99. Accordingly, "[i]t is only when the new injury results from a new breach of duty that a new cause of action accrues." Id. at 114. However, one "'wrongful act with consequential continuing damage is not a continuing tort,' and does not lengthen the statute of limitations." Ibid.

Guided by these standards, we are satisfied plaintiff's reliance on the continuing tort doctrine is misplaced and that the TCA's two-year statute of limitation bars his tort claims against the State. See N.J.S.A. 59:8-8(b). That is because plaintiff's complaint makes clear his injuries flowed from his 2006 trial and conviction. As the motion judge aptly observed, "[s]ince the March 2006 trial, plaintiff has not sustained any new injuries that would give rise to the accrual of a new cause of action." The judge also correctly concluded, "[t]he

6

sole fact that the plaintiff has been . . . in East Jersey State Prison after his sentencing for his convictions does not trigger the continuing tort doctrine."

Regarding Point II, we agree with plaintiff that ordinarily, motions to dismiss are granted without prejudice. Smith v. SBC Communs., Inc. 178 N.J. 265, 282 (2004). Moreover, it is well established that a trial court accepts the factual allegations of a complaint as true, and "searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . . ." Printing Mart-Morristown, 116 N.J. at 746 (quoting Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). When reviewing a trial court's grant of a motion to dismiss under Rule 4:6-2(e), the test to determine the adequacy of the pleading is whether the facts as presented in the complaint suggest a cause of action. Printing Mart-Morristown, 116 N.J. at 746 (citing Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). Stated differently, appellate courts assess only the legal sufficiency of the claim. "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super.

547, 552 (App. Div. 1987)). See also Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005).

But when the complaint fails to set forth "[t]he traditional articulation" of the elements of a cause of action, no additional facts could be pled, or further proceedings will amount to "a mere fishing expedition," dismissal with prejudice is entirely appropriate. Nostrame v. Santiago, 213 N.J. 109, 128 (2013). Similarly, when a complaint is untimely, dismissal with prejudice is warranted. See id. at 127 (quoting Printing Mart-Morristown, 116 N.J. at 771-72) (dismissal may be with prejudice if there is an "impediment such as a statute of limitations"). Here, considering our conclusion that plaintiff was not entitled to the tolling of the time requirements set forth under N.J.S.A. 59:8-8(b), and because the TCA is "strictly construed," McDade, 208 N.J. at 474, dismissal of plaintiff's complaint with prejudice was warranted.

To the extent we have not addressed any remaining arguments raised by plaintiff, they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2399-19