**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2302-19

THOMAS POWERS,

    Plaintiff-Appellant,

v.

TOWNSHIP OF MAHWAH,
MAYOR JOHN ROTH, and
TOWNSHIP COUNCIL
MEMBERS,

    Defendants-Respondents,

and

THE RAMAPOUGH MOUNTAIN
INDIANS, INC.,

    Nominal Defendant-
    Respondent.

_____

Argued December 14, 2021 – Decided March 16, 2022

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6223-19.

Thomas Powers, appellant, argued the cause pro se.

Ruby Kumar-Thompson argued the cause for respondents Township of Mahwah, Mayor John Roth, and Township Council Members (Cleary Giacobbe Alfieri Jacobs, LLC, attorneys; Brian M. Chewcaskie, of counsel; Ruby Kumar-Thompson, on the brief).

Brittany M. Thomas argued the cause for respondent The Ramapough Mountain Indians, Inc. (Center for Constitutional Rights and Cohen Green, PLLC, attorneys; Brittany M. Thomas and J. Remy Green, on the brief).

PER CURIAM

This appeal arises from the latest dispute over activities conducted by nominal defendant, the Ramapough Mountain Indians, Inc. (RMI) on property it owns adjacent to the Ramapo Hunt & Polo Club Association (RHPC) residential development where plaintiff Thomas Powers owns a home, all situated within defendant Township of Mahwah. After years of litigation, in 2019, Mahwah and the RMI entered into a settlement of their dispute (the 2019 settlement agreement). The RHPC proceeded to a bench trial against the RMI, and after presenting its proofs, the trial judge dismissed its complaint. Shortly thereafter, plaintiff filed this action in lieu of prerogative writs, alleging that Mahwah executed the settlement with the RMI without authority, while circumventing land use procedures and ignoring safety concerns. He also

A-2302-19

alleged that RMI's use of RHPC's bridge and roads to access its property was a taking of plaintiff's property.

In this appeal, plaintiff challenges the Law Division's January 24, 2020 dismissal of his complaint under Rule 4:6-2, for failure to state a claim upon which relief could be granted that was entered after the motion judge determined, among other things, plaintiff's claims were barred by res judicata and collateral estoppel. Plaintiff also appeals from the motion judge's denial of his request for the judge to recuse himself.

We have carefully considered plaintiff's contentions in light of the record and the applicable principles of law. For the reasons that follow, we affirm.

I.

The facts derived from the motion record are summarized as follows. The driveway to plaintiff's home, within the RHPC community, is directly across the street from RMI's driveway. The only way to access RHPC's property is by crossing a bridge over the Ramapo River and using a road that traverses through its development; RMI's property is accessed by crossing the same bridge and roads.

As a resident of the RHPC community, plaintiff is a member of the RHPC homeowners' association (HOA), which owns the roads and bridge within the community as common areas. Plaintiff is also a former president of the HOA.

Going back almost ten years, the HOA and Mahwah were embroiled in litigation with RMI over its use of its undeveloped property for gatherings, religious and otherwise, and its impact on the RHPC community. In a related matter, we recently described the origins of their dispute as follows:

> [O]n May 9, 2017, . . . Mahwah . . . filed a complaint against RMI to enjoin violations of the Township's zoning ordinance pursuant to N.J.S.A. 40:55D-18 because RMI appeared to be erecting buildings or other prohibited structures.
>
> Four months later, plaintiff [the RHPC] . . . filed a verified complaint and order to show cause seeking temporary restraints against RMI and the Township, alleging RMI was engaging in various activities, uses, or actions . . . in violation of the Township zoning ordinances and seeking an injunction for compliance of the zoning ordinances. Specifically, "the main uses that the [[RHPC] was] complaining about . . . [were] public assembly, religious use and house of worship camping and campgrounds, that w[ere] not permitted." The [RHPC] and Township's lawsuits were eventually consolidated.
>
> An order to show cause was denied on December 15, 2017, after RMI rectified certain zoning violations in response to the lawsuits. Nevertheless, the case continued to move forward on the underlying complaint. The Township settled with RMI just before

trial; however, the [RHPC] declined to join in the settlement. Thus, the court conducted a bench trial from April 1 to May 3, 2019, to address the [RHPC's] complaint. After the [RHPC] presented its case in chief, the trial court granted RMI's motion for a directed verdict. . . .

[Ramapo Hunt & Polo Club Ass'n v. Ramapough Mountain Indians, No. A-5711-18, (App. Div. Jan. 12, 2021) (slip op. at 2-3 (sixth and seventh alteration in original).]

The 2019 settlement agreement between Mahwah and RMI resolved several ongoing issues.[1] For example, it stated that RMI's "prayer circle and altar on the Property may remain . . . subject to the conditions of this Agreement. No other structures shall be permitted on the Property without approval or a permit issued by the Township land use board, if required, except as otherwise set forth in this Agreement." The agreement also allowed "RMI [to] use the property for place of assembly, including cultural and religious gatherings, and for uses consistent with the Township's zoning ordinances applicable to the C200 zone." And, it addressed parking and other issues based on the number of

---

[1] Township's council approved the settlement at a meeting held on May 9, 2019, after considering public comment and deliberating in closed session. The settlement was memorialized in a resolution. Plaintiff and other members of the HOA attended the meeting. The settlement also resolved a federal action filed by RMI against Mahwah under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc to -5.

5

people that RMI anticipated would attend events on the RMI property. It also permitted the RMI to install a driveaway, and it addressed future land use, instructing that "RMI comply with all other applicable laws and ordinances, including but not limited to laws and regulations concerning noise, watershed protection, flood hazards, and fire hazards."

Pertinent to this appeal, the 2019 settlement agreement specifically resolved Mahwah's claims about safety and health concerns arising from traffic issues associated with the RMI's use of the bridge and roads through RHPC's property. It also disposed of Mahwah's claims that RMI's use of the bridge and roads was a nuisance or otherwise interfered with the RHPC community members' property rights. And, significantly, it committed the RMI to using its property consistent with all laws.

Although its action against RMI had been consolidated with Mahwah's action, RHPC did not join in the settlement, so it proceeded to a bench trial on its complaint. The complaint included detailed allegations about RMI's use of its property, its adverse impact on the RHPC community, including its bridge, roadways, and trespassing by RMI members on individual owners' driveways and other portions of their properties. In particular, similar to plaintiff's complaint here, RHPC alleged that RMI's land uses (e.g., erection of building,

public assembly, and religious gatherings) violated zoning and municipal ordinances; and that RMI's activities (erection of structures, religious gatherings, trespassing on individual owners' driveways, and cooking implements) posed a health and safety issues because the property's location within the floodplain of the Ramapo River and the location of the property's driveway.

RHPC's complaint was dismissed after the bench trial before the same motion judge who later dismissed plaintiff's complaint in the present action. In dismissing RHPC's complaint, the judge concluded as follows:

> There [was] no showing that [the Township is] not enforcing the law as of today and, as such, being that there is no current violation, or one even being contemplated, [t]he [c]ourt is devoid of any evidence and finds that plaintiff[] ha[s] failed to show a prima facie case to give a restraint as a matter of law against the defendant[] and, as such, the application is denied and the case is dismissed that is presently before this court, and the other case that was consolidated with this has been dismissed as settled.

The RHPC did not appeal from the dismissal of its action. A few months later, however, plaintiff filed this action on August 16, 2019, challenging the settlement between Mahwah and RMI and requesting injunctive relief.

In the original complaint, plaintiff alleged that the 2019 settlement agreement violated zoning and municipal ordinances, land use and site plan procedures, and constituted illegal contract and spot zoning. He also alleged a violation of Chapter 27 of Mahwah's municipal code's floodway regulations, and that the 2019 settlement agreement impermissibly allowed RMI to build a parking lot, and acknowledged its use of RHPC's bridges and roads, contrary to past resolutions that expressed their lack of jurisdiction to consider or determine the right of a new lot owner to utilize RHPC's bridge. In the second count, plaintiff also challenged Mahwah's permitting RMI's use of an existing driveway. The complaint concluded by requesting that Mahwah be compelled to cancel the 2019 settlement agreement, rescind its confirming resolution, and move RMI's driveway.

In his amended complaint filed on September 6, 2019, plaintiff alleged facts and made claims about violations of his due process and equal protection rights as a neighboring property owner. Plaintiff argued against RMI's use of the property, uses which Mahwah acknowledged in the 2019 settlement agreement, and added a third count about safety concerns regarding RMI's driveway. He specifically alleged, that "[p]ublic [a]ssembly and religious gatherings are not permitted uses or conditionally permitted uses in the

8

Conservation Zone, pursuant to Section 24-4.1 of the Municipal Code of the Township."  In lieu of filing an answer, Mahwah and RMI filed motions to dismiss plaintiff's amended complaint, and plaintiff filed opposition to both.

Prior to filing its motion, on September 20, 2019, Mahwah requested that the matter be assigned to the motion judge because of his familiarity with the earlier actions.  In a January 7, 2020, plaintiff requested that the case be reassigned to the original judge who managed the matter before the motion judge became involved.  In response, the civil presiding judge informed plaintiff that the motion judge must hear plaintiff's request.

On January 24, 2020, plaintiff filed a motion for the motion judge to recuse himself and asked for an adjournment of the motions to dismiss scheduled for that day to allow time for the motion for recusal.  Before hearing the motion to dismiss, the motion judge declined to recuse himself, relying upon Rule 1:12-1 and finding there were no facts to support his recusal under the rule.

As to the motion to dismiss, after considering the parties' oral arguments, the motion judge granted the motions, setting forth his reasons in an oral decision placed on the record that day.  In his decision, the judge stated the following:

The plaintiff . . . , a resident of [RHPC] seeks to nullify the settlement agreement that was approved by the Township of Mahwah Council on May 9[], 2019.

The [c]ourt finds the settlement agreement valid and not subject to any legally valid challenges by the plaintiff. Specifically, claims by the plaintiff that his individual constitutional rights to procedural due process were violated by the agreement are totally specious.

Powers did not suffer any special injury, as his land is not an adjoining property involved in the settlement, and he was not deprived of any ownership rights to his property.

Plaintiff also fails to identify how the process for approving the settlement was constitutionally or legally improper.

Finally, the plaintiff also seeks to re-litigate the decision after trial of the remaining case that followed the settlement of the Township of Mahwah [v.] Ramapough Mountain Indians. That case was entitled Ramapough Hunt and Polo Club Association [v.] Ramapough Mountain Indians. That had been earlier consolidated with the Township case.

[Plaintiff] was represented on these same claims as a member of that association. Plaintiff is, therefore, estopped from raising these previously adjudicated claims.

Those claims were tried to a conclusion . . . and this [c]ourt gave a decision after trial . . . that is contained on the record which transcript has been submitted by the movants.

A-2302-19

Here, plaintiff . . . is a member of the [RHPC] and, thus, had interests that were common with it. A non-profit [HOA] . . . can bind its members in litigation that is brought on their behalf in an earlier action. See Allen [v. V and] A [Bros.,] Inc., 208 N.J. 114[,] 139 (2011).

The issues that were raised and adjudicated at trial include the very same issues with the settlement and the adjudication after trial that plaintiff . . . once again raises under the rubric of a prerogative writ.

Such collateral estoppel and res judicata applies to bar re-litigation of these adjudicated matters in any nuance subsequent action being filed by a disgruntled [RHPC] member.

This appeal followed, in which plaintiff contends that the motion judge erred by concluding collateral estoppel and res judicata barred his action; in finding that plaintiff's property did not adjoin RMI's property; and by not finding that his pleading set forth a claim that Mahwah's entering into the settlement with the RMI was arbitrary, capricious or unreasonable because it ignored legitimate safety concerns, constituted impermissible spot and contract zoning, was not authorized by state land use laws, and was contrary to Mahwah's flood damage prevention ordinance. He also contends that his complaint was timely, and the motion judge should have recused himself. We disagree.

11

We begin our review by disposing of plaintiff's contentions on appeal about the timeliness of his complaint, and the motion judge's decision to not grant plaintiff's recusal motion. As to the timelines issue, the motion judge never addressed it, and therefore he did not make any ruling about that issue, leaving us simply with nothing to review.[2]

As to the recusal motion, under Rule 1:12-2, parties must submit motions for disqualification "directly to the judge presiding over the case." State v. McCabe, 201 N.J. 34, 45 (2010). "[R]ecusal motions are 'entrusted to the sound discretion of the judge and are subject to review for abuse of discretion.'" Goldfarb v. Solimine, 460 N.J. Super. 22, 30 (App. Div. 2019) (quoting McCabe, 201 N.J. at 45), aff'd, 245 N.J. 236 (2021)). We conduct a de novo review only as to whether the motion judge applied the proper legal standard. McCabe, 201 N.J. at 45.

---

[2] As Mahwah argues to us, plaintiff's appeal focused on whether Mahwah's actions were arbitrary and capricious, without presenting any arguments about the violation of his equal protection or due process rights under the Fourteenth Amendment. For that reason, we deem the argument to have been waived. Skolodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

The test for recusal is whether "a reasonable, fully informed person have doubts about the judge's impartiality[.]" DeNike v. Cupo, 196 N.J. 502, 517 (2008). Appearance of and actual fairness are essential, but whether upholding these necessitates disqualification generally requires a case-by-case analysis. See McCabe, 201 N.J. at 45-46. Further, in deciding a recusal motion, a judge must be mindful that his or her "duty to sit where appropriate is as strong as the duty to disqualify oneself where sitting is inappropriate." Goldfarb, 460 N.J. Super. at 31. "It is improper for a judge to withdraw from a case upon a mere suggestion that he is disqualified 'unless the alleged cause of recusal is known by him to exist or is shown to be true in fact.'" Panitch v. Panitch, 339 N.J. Super. 63, 66-67 (App. Div. 2001) (quoting Hundred E. Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986)).

Applying these guidelines, we conclude the motion judge did not abuse his discretion in denying plaintiff's motion for his recusal. Here, plaintiff never alleged any specific facts that suggested the motion judge would act or appear to act with bias. The only reason he raised the request for recusal was stated in his January 13, 2020 letter request, where he argued the following conclusions without reference to any specific supporting facts:

> Your Honor presided over [RHPC's case] and the settlement discussions, there were at least three

A-2302-19

misrepresentations and facts suppressed during the settlement discussions and other discussions, which could potentially make you a witness in my case. Because of this it should not be possible for you to preside over my case.

At the January 24th hearing, plaintiff again only argued that "[b]ecause there were . . . facts suppressed and misrepresentations in that matter, which I think could possibly alter how this case, my case, is viewed . . . ." Plaintiff did not maintain his earlier assertion that the judge would be a witness. Plaintiff never identified the "at least three misrepresentations and facts suppressed" he believed required the judge's recusal.

In denying the application, the motion judge reviewed the record and Rule 1:2-1, and stated that none of the factors were applicable. Even though the judge had prior knowledge about the parties' dispute, there was no identifiable reason why anyone would believe he would be a witness in this case. His knowledge about the case gleaned from his presiding over the RHPC complaint against RMI did not give rise to a conflict that warranted recusal. We have no reason to disturb the judge's ruling in this regard.

## III.

We turn then to plaintiff's appeal from the dismissal of his complaint under Rule 4:6-2(e). "We review a grant of a motion to dismiss a complaint for

failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court."  Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014).  In our review, we afford no deference to a trial court's Rule 4:6-2(e) motion decision.  See Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).

Under the rule, a complaint can be dismissed if the facts alleged in the complaint do not state a viable claim as a matter of law.  Id. at 113-14.  The standard for determining the adequacy of plaintiff's pleadings is, after a "generous" review of its contents, "whether a cause of action is 'suggested' by the facts."  Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).  "In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'"  Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (quoting Hing Q. Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004)).  Consideration of documents specifically referenced in the complaint will not convert the motion into a motion for summary judgment.  E. Dickerson & Son v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003), aff'd 179 N.J. 500 (2004).

Where the parties submit material outside the pleadings that are considered by the court, the motion effectively becomes a motion for summary judgment. See R. 4:6-2; R. 4:46. The standard for summary judgment is whether the moving parties have established that there are no genuine disputes as to any material facts, and, if so, whether the facts, viewed in the light most favorable to the non-moving party, entitles the moving parties to judgment as a matter of law. R. 4:46-2(c); Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Where such additional materials are not resubmitted and relied upon, a court assess only the legal sufficiency of the claim. Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005). Consequently, "[a]t this preliminary stage of the litigation [courts are] not concerned with the ability of plaintiffs to prove the allegation contained in the complaint." Printing Mart, 116 N.J. at 746. Rather, they should accept the factual allegations as true, Sickles, 379 N.J. Super. at 106, and "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . . ." Printing Mart, 116 N.J. at 746 (citation omitted).

"However, we have also cautioned that legal sufficiency requires allegation of all the facts that the cause of action requires." Cornett v. Johnson & Johnson, 414 N.J. Super. 365, 385 (App. Div. 2010), aff'd as modified, 211 N.J. 362 (2012), abrogated on other grounds by McCarrell v. Hoffmann-La Roche, Inc., 227 N.J. 569, 592 (2017). In the absence of such allegations, the claim must be dismissed. Ibid. (citing Sickles, 379 N.J. Super. at 106). Generally, when courts dismiss for failure to state a claim, they dismiss without prejudice. Smith v. SBC Commc'ns Inc., 178 N.J. 265, 282 (2004). But a court may dismiss with prejudice under some circumstances, including when "plaintiffs have not offered either a certification or a proposed amended pleading that would suggest their ability to cure the defects" in their complaint, Johnson v. Glassman, 401 N.J. Super. 222, 246 (App. Div. 2008), or the opportunity to cure "would be a 'futile' and 'useless endeavor,'" Cona v. Twp. of Washington, 456 N.J. Super. 197, 214 (App. Div. 2018).

Here, the motion judge dismissed plaintiff's complaint with prejudice, essentially stating two reasons: collateral estoppel and res judicata barred his claims that were addressed in the action between Mahwah, RHPC and RMI, and his complaint failed to assert any factual basis for concluding that Mahwah acted improperly in settling its dispute with RMI. We address each in turn.

17                                                                      A-2302-19

A.

The application of res judicata and collateral estoppel raise questions of law. Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000). As such, we review a trial judge's determination de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 104 N.J. 366, 378 (1995).

"Res judicata prevents a party from relitigating for a second time a claim already determined between the same parties." In re Vicinage 13 of the N.J. Superior Ct., 454 N.J. Super. 330, 341 (App. Div. 2018). It applies when a particular controversy has been fully and fairly adjudicated, which bars further litigation. McAllister, 327 N.J. Super. at 172-73 (App. Div. 2000). See also In re Est. of Gabrellian, 372 N.J. Super. 432, 447 (App. Div. 2004) ("It is well established that 'a judgment of involuntary dismissal or a dismissal with prejudice [entered after a settlement] constitutes adjudication on the merits as fully and completely as if the order had been entered after trial.'" (quoting Velasquez v. Franz, 123 N.J. 498, 507 (1991))).

> In assessing whether the doctrine applies, courts consider five factors:
>
> > (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the

merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

However, "even where these requirements are met, the doctrine, which has its roots in equity, will not be applied when it is unfair to do so."

[Vicinage 13, 454 N.J. Super. at 341 (quoting N.J. Div. of Youth & Fam. Servs. v. R.D., 207 N.J. 88, 115 (2011) and Olivieri v. Y.M.F. Carpet, 186 N.J. 511, 521 (2006)).]

The doctrine of collateral estoppel (or "issue preclusion") is "that branch of the broader law of res judicata, which bars re-litigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." Vicinage 13, 454 N.J. Super. at 341 (quoting State v. Gonzalez, 75 N.J. 181, 186 (1977)); see also In re Liquidation of Integrity Ins. Co., 214 N.J. 51, 66 (2013). In determining whether collateral estoppel applies, a court considers the same factors as it applies to a determination about res judicata. Pace v. Kuchinsky, 347 N.J. Super. 202, 215 (App. Div. 2002). Like res judicata, courts should not apply collateral estoppel "when it is unfair to do so," even if a party shows all five requirements. Ibid.

Courts favor issue preclusion to conserve resources and prevent harassment and inconsistency.  Id. at 216 (citing McAllister, 327 N.J. Super. at 173).  Courts disfavor preclusion when

> the party . . . could not have obtained review of the prior judgment; [differences in] the quality or extent of the procedures . . . ; it was not foreseeable . . . that the issue would arise in subsequent litigation; and the . . . party did not have an adequate opportunity to obtain a full and fair adjudication in the prior action.
>
> [Ibid.]

Issue preclusion will apply if a representative of party in the earlier litigation had an "adequate opportunity" to pursue the claims asserted by the party in the second action.  When a party is a virtual representative of a non-party, they are in privity, and courts apply collateral estoppel to bar the non-party's subsequent litigation.  See Allen 208 N.J. at 139.

Under these parameters, we conclude that the motion judge correctly determined that plaintiff's claims should be dismissed with prejudice as they replicated the claims tried to conclusion by RHPC.  Those issues included assertions by RHPC that RMI violated various ordinances and land use laws and created a nuisance on their property.

Plaintiff's claims were also properly barred because they only sought to relitigate issues that were resolved by the 2019 settlement agreement, to the

20

extent his complaint resurrected claims asserted by Mahwah in the prior action, and those tried to conclusion in RHPC's action because he was a member of that association. As such, plaintiff was bound by the results.

For example, plaintiff contended that allowing RMI to use the bridge and roads through RHPC's property was a taking of private property, but that property belonged to the RHPC and not plaintiff, and its complaint seeking to enjoin the same use had been dismissed. See Siller v. Hartz Mountain Assocs., 93 N.J. 370, 383 (1983) (explaining that where claims against condominium developer were confined to common areas and facilities, the owners' association had exclusive standing to maintain action against developer). Similarly, plaintiff argued that the RMI's driveway allowed under the 2019 settlement agreement was illegal and posed a safety and health concern, as did the RHPC in its earlier[3] action.

Also, one of the results of the earlier trial was that the judge found that there was no "violations of law currently occurring" as a result of the RMI's actions, which he viewed as being no different than a resident having a party at their home. He also found that under the 2019 settlement agreement, "The RMI

---

[3] In his appellate brief, plaintiff advises that the HOA is pursuing its own claim challenging the 2019 settlement agreement in federal court.

A-2302-19

has settled and agreed upon the lawful use of the property [and t]here is no showing that Mahwah's not enforcing the law as of today." Therefore, to the extent plaintiff in this action contends that the agreement permitted the RMI to act outside of ordinances or otherwise, he is bound by the determination made in the action between RHPC and RMI.

Plaintiff's claims about the legality of the settlement reached between Mahwah and RMI were clearly not the subject of the action between RHPC and RMI, nor was RHPC or plaintiff a party to that settlement. Those claims were not barred by either res judicata or collateral estoppel.

B.

We turn our attention therefore to the dismissal of plaintiff's action challenging Mahwah's entry into the 2019 settlement agreement with RMI. As already noted, the motion judge concluded that plaintiff's claims that his constitutional rights were violated were "totally specious," that plaintiff did not suffer "any special injury[4] as" his property did not "adjoin[ the] property

---

[4] "[A]n individual who sustains special damages over and above that suffered by the general public," may have a public nuisance cause of action after a consideration of the facts by the trial court determines that a governing body "has not fairly and adequately considered and protected the rights and peculiar interests . . . in their representative capacities in [a] settlement." Howell Twp. v. Waste Disposal, Inc., 207 N.J. Super. 80, 95, 98-99 (App. Div. 1986) (citing

involved in the settlement," and plaintiff "fail[ed] to identify how the process for approving the settlement was constitutionally or legally improper." We agree.

At the outset, we note that contrary to plaintiff's contention, there is no evidence that the Mahwah's resolution to approve the 2019 settlement agreement violated the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21. Mahwah approved the settlement after properly conducting a public Whispering Woods hearing. Whispering Woods at Bamm Hollow v. Twp. of Middletown Plan. Bd., 220 N.J. Super. 161, 172-73 (Law Div. 1987). "The procedures employed in Whispering Woods have since been approved in other land use cases." Friends of Peapack-Gladstone v. Borough of Peapack-Gladstone Land Use Bd., 407 N.J. Super. 404, 423 (App. Div. 2009) (citations omitted). Whispering Woods requires that a settlement agreement be "subject to public

_____

Mayor & Council of Borough of Alpine v. Brewster, 7 N.J. 42, 52 (1951)); see also In re Lead Paint Litig., 191 N.J. 405, 426-29 (collecting cases). Here, the closest claim of special damages relates to the RMI's use of its driveway across from plaintiff's. However, the 2019 settlement agreement and the RHPC's complaints addressed the RMI's use of its driveway and its impact on adjoining homeowners. Any failure to comply with the agreement would require a municipal action for enforcement. Plaintiff has not suffered any special damage and therefore has no individual claim to maintain.

presentation, a public hearing thereon and a public vote." Whispering Woods, 220 N.J. Super. at 172.

Moreover, we observe that municipalities not only have the authority to settle cases, assuming they act without fraud and in good faith, but such settlements are encouraged as a matter of public policy. See DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 259 (2009) ("Settlements also save parties litigation expenses and facilitate the administration of the courts by conserving judicial resources. Those benefits should be as available to public entities as they are to private parties." (internal citation omitted)). As already noted, the earlier litigation ended with a determination there was no proof of any violations of law, as plaintiff contended in his complaint in this action. Beyond those allegations, plaintiff's complaint merely asserted legal conclusions based on plaintiff's view of the law, without, as the motion judge found, a shred of factual support. Under these circumstances, we have no cause to disturb the dismissal of plaintiff's action with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2302-19