**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3345-21

SIRA TRAORE and ALASSANE
DIANE, her husband,

    Plaintiffs-Appellants,

v.

FAIRVIEW HOMES
PRESERVATION, L.P.,
RELATED MANAGEMENT
COMPANY, L.P., and
RICARDO MENDOZA,

    Defendants-Respondents,

and

BERNARD FREUND,

    Defendant.

_____

Argued May 24, 2023 – Decided November 22, 2023

Before Judges Accurso, Vernoia, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7364-20.

Philip B. Vinick argued the cause for appellants.

Robert H. Bernstein argued the cause for respondents Fairview Homes Preservation, L.P., and Related Management Company, L.P. (Greenberg Traurig, LLP, attorneys; Robert H. Bernstein, on the brief).

The opinion of the court was delivered by

FIRKO, J.A.D.

Plaintiffs Sira Traore and her husband Alassane Diane appeal from an order dismissing their second amended complaint with prejudice against defendants Fairview Homes Preservation, L.P. (Fairview), Bernard Freund,[1] Related Management Company, L.P. (Related), and Related's former employee, Ricardo Mendoza, for failure to state a claim on which relief may be granted. We affirm in part, reverse in part, and remand for further proceedings.

I.

Because this appeal comes to us on a Rule 4:6-2(e) motion to dismiss, we accept the facts alleged in the second amended complaint as true, granting plaintiffs "every reasonable inference of fact." Green v. Morgan Props., 215 N.J. 431, 452 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp.,

---

[1] Freund is the alleged "owner, alter ego and other self of Fairview." He was never served with a summons and complaint and did not participate in the matter.

116 N.J. 739, 746 (1989) (internal quotation marks omitted)). Thus, we begin with a summary of the facts pled by plaintiffs in their second amended complaint.

Traore went to Fairview's leasing office in Newark seeking to lease a residential apartment and obtain financial assistance for herself and her family. Traore contends she met with Mendoza, Related's former traveling community manager, who was responsible for the management and procurement of leases for Fairview's residential properties in New Jersey.

Related is located in New York City and is in the business of managing and offering prospective tenants residential properties to lease, including properties owned by Fairview and Freund. Prior to hiring Mendoza, plaintiffs allege Related and Sterling Talent Solutions (Sterling) conducted a background check on Mendoza, which was "limited in nature," geographically confined to Florida and Maryland, was to serve as an "investigative tool only," and was not to be "used as the basis of any employment decision." Plaintiffs also allege neither Related nor Sterling contacted any of Mendoza's previous employers before hiring him to ascertain if he had any performance or disciplinary issues or complaints made against him.

A-3345-21

In June 2019, Related hired Mendoza. In September 2019, he took two online training courses on preventing workplace harassment for employees. The courses did not address sexual harassment or discrimination of non-employees, such as residents, tenants, or prospective tenants.

On November 7, 2019, Traore alleges she went to Fairview's leasing office in Newark seeking an application for an apartment lease and financial assistance for herself, her husband, and three children. Traore met with Mendoza who "touched and tried to touch" her and pressured her to meet him at his hotel to have sex with him in exchange for an apartment lease and housing assistance for her and her family. Mendoza gave Traore a handwritten note with the address of his hotel and his cellular phone number. Traore claims that because she did not accede to Mendoza's sexual demand, she did not receive an apartment lease or housing assistance. She recorded the incident on her cellular phone. Three months later, Related terminated Mendoza's employment.

Plaintiffs filed their second amended Law Division complaint, the operative pleading here, asserting five causes of action against Fairview and Related: (1) sexual harassment and discrimination in violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, and Lehmann v. Toys 'R' Us, Inc., 132 N.J. 587 (1993) (count one); (2) aiding and abetting

4

(count two); (3) tortious conduct (count three); (4) negligence (count four); and (5) a per quod claim on behalf of Diane (count five). Plaintiffs sought compensatory and punitive damages, along with attorney's fees and an award of costs.

Fairview and Related filed a motion to dismiss the second amended complaint, which the motion court granted with prejudice.[2] In a written opinion, the court analyzed each count of the second amended complaint. As to the sexual harassment and discrimination claim alleged in count one as to Fairview, the court found Mendoza was not its employee, and Fairview could not be vicariously liable for his alleged conduct.

The court highlighted that count one alleges only that Traore met with Mendoza at a leasing office owned by Fairview and that Fairview allowed Related and Mendoza to use the leasing office. The court rejected plaintiffs' argument that absent a certification from a Fairview representative indicating there was no relationship between Fairview and Mendoza, dismissal as to Fairview was unwarranted.

---

[2] The record shows that default was entered against Mendoza before the court rendered its decision on the motion to dismiss.

A-3345-21

In addressing the sexual harassment and discrimination claim alleged in count one against Related, the court determined it would not impute vicarious liability to Related because it did not stand to benefit from the harassment perpetrated by Mendoza. The court cited the agency principles set forth in <u>Restatement (Second) of Agency</u> § 219 (Am. L. Inst. 1958) and <u>Lehmann</u> to evaluate Traore's LAD claim. The court considered whether the claim that Mendoza acted within the scope of his employment, and whether his claimed quid pro quo offer of favorable action in exchange for sexual favors, sexual harassment, discrimination, and other conduct rendered Fairview and Related directly and/or vicariously liable for Traore's damages under the doctrine of respondent superior, agency, and the LAD. The court relied on an unpublished Third Circuit decision,[3] predicting the New Jersey Supreme Court would apply the <u>Restatement (Second) of Agency</u> § 219 and <u>Lehmann</u> to find harassment

---

[3] <u>Rule</u> 1:36-3 provides in pertinent part:

> No unpublished opinion shall constitute precedent or be binding upon any court. Except for appellate opinions not approved for publication that have been reported in an authorized administrative law reporter, and except to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law, no unpublished opinion shall be cited by any court.

cases arising in a non-workplace setting actionable under N.J.S.A. 10:5-12(f). Godfrey v. Princeton Theological Seminary, 196 N.J. 178, 195-96 (2008) (summarizing N.J.S.A. 10:5-12(f) as making unlawful the denial, refusal, or withholding of the accommodations, advantages, facilities, or privileges of public accommodations or to discriminate against any person in the furnishing thereof on the basis of gender).

The court then summarized the five-part test in the Restatement (Second) of Agency § 219 where the master is liable for the torts of his or her servants to address whether plaintiffs pled sufficient allegations supporting their vicarious liability claim:

> (1) A master is subject to liability for the torts of his [or her] servants committed while acting in the scope of their employment.
>
> (2) A master is not subject to liability for the torts of his [or her] servants acting outside the scope of their employment, unless:
>
> (a) the master intended the conduct or the consequences; or
>
> (b) the master was negligent or reckless; or
>
> (c) the conduct violated a non-delegable duty of the master; or
>
> (d) the servant purported to act or speak on behalf of the principal and there was reliance upon apparent

authority, or he [or she] was aided in accomplishing the tort by the existence of the agency relation.

However, the court did not analyze these five factors in dismissing count one. Instead, the court merely concluded the first count did not allege sufficient facts to hold Related vicariously liable for Mendoza's conduct. The court determined count one "does not demonstrate how Mendoza demanding sexual favors in exchange for . . . housing assistance and a lease helped Related's . . . business as opposed to hurt Related's . . . business," and that the "requirement" for Traore to have sex with Mendoza "put another hurdle" in her way to obtain housing. The court found count one does not explain how Traore's rejection of Mendoza's sexual advances and Mendoza "failing to give [her] rental housing advanced Related['s] . . . goal of renting homes to prospective applicants. It does the opposite."

The court dismissed count one as to Related with prejudice based on its determination that Mendoza's conduct and the alleged discrimination fell outside the scope of his employment. The court added plaintiffs had no further facts to plead and instead filed the second amended complaint hoping to obtain discovery "to uncover evidence of wrongdoing."

Regarding the aiding and abetting claim asserted in count two, the court concluded plaintiffs failed to allege Related "encouraged any of the wrongful

conduct against [Traore], that it assisted the wrongdoers," or "was present when the wrongful conduct occurred," citing Tarr v. Ciasulli, 181 N.J. 70, 84 (2004). Because plaintiffs did not allege facts establishing how Related's business would benefit from, or be improved by, Mendoza's quid pro quo offer, the motion court found plaintiffs failed to assert a cognizable aiding and abetting claim against Related and dismissed the second count.

The court construed count three, which was simply pled as tortious conduct, as a claim for the intentional tort of sexual harassment against Related. In addressing count three, the motion court set forth the elements required to establish vicarious liability for tortious conduct: "(1) that a master-servant relationship existed [control]; and (2) that the tortious act of the servant occurred within the scope of employment," citing Carter v. Reynolds, 175 N.J. 402, 409 (2003).

The court then listed the four requirements that must be met to prove that the tortious conduct occurred within the scope of an actor's employment:

> (a) it is of the kind the employee is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master," citing Restatement (Second) of Agency § 228(1).

9

The court dismissed count three because plaintiffs simply alleged Related failed to call Mendoza's former employers as part of its background check. Accordingly, the court determined plaintiffs' tortious conduct allegation does not establish vicarious liability against Related for Mendoza's conduct in making a quid pro quo offer to Traore.

Turning to count four, the court observed plaintiffs failed to allege how an inadequate background check may have impacted Related's hiring of Mendoza, or explain how Mendoza's quid pro quo benefitted Related. The motion court noted a cause of action for negligent hiring requires plaintiffs to show:

> (1) that the employer knew or had reason to know of the particular unfitness, incompetence, or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons; and (2) that, through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness, or dangerous characteristics proximately caused the injury.
>
> [G.A.-H. v. K.G.G., 238 N.J. 401, 416 (2019) (quoting Di Cosala v. Kay, 91 N.J. 159, 173 (1982)) (internal quotation marks omitted).]

In dismissing count four, the court found Mendoza was not acting within the scope of his employment with Related when he sought "sexual favors" from

Traore to secure housing. The court rejected plaintiffs' contention that "defendants knew or should have known about the prevalence of foreseeability of sexual harassment" and "had a duty to prevent sexual harassment and discrimination from occurring," as conclusory statements unsupported by any facts alleged in count four.

The court also concluded that plaintiffs' allegation that Related revised its employee handbook several months after the incident in question to include a prohibition against the harassment of non-employees, such as residents, is not evidential because it was a subsequent remedial measure. The court dismissed count four against Fairview because insufficient facts were alleged to show Fairview had control over Mendoza.

The court reasoned it had to dismiss Diane's per quod claim pled in count five because counts one through four were dismissed as to Fairview and Related and no derivative cause of action could be sustained. A memorializing order was entered. This appeal followed.

Before us, plaintiffs argue the motion court abused its discretion in dismissing the second amended complaint as to Related and Fairview with prejudice. Having considered plaintiffs' allegations in the light most favorable to them, and having analyzed the relevant law, we: (1) hold Traore—but not

11

Diane—has stated a viable cause of action in count one of the second amended complaint under the LAD against Related but not Fairview; (2) affirm the dismissal of count two against Fairview and Related with prejudice; (3) reverse dismissal of count three as to Related from with prejudice to without prejudice to allow plaintiffs the opportunity to file a motion for leave to file and serve a third amended complaint specifically detailing what tortious conduct allegedly occurred; (4) reverse dismissal of count four and reinstate the negligent hiring and supervision/training claim against Related; and (5) affirm dismissal of Diane's per quod claim under the LAD in count one and reinstate his per quod claim as to Related in count four.

## II.

We review motions to dismiss de novo, applying the same standard as the trial court. Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014) (citation omitted). The court must determine if "a cause of action is 'suggested' by the facts." Printing Mart, 116 N.J. at 746 (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). When doing so, the court must search "the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (quoting Di

12

Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

"[T]he facts as pleaded must be taken to be true for the purposes of the motion, and the court's 'inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint.'" Darakjian v. Hanna, 366 N.J. Super. 238, 248 (App. Div. 2004) (quoting Printing Mart, 116 N.J. at 746). In ruling on a motion to dismiss pursuant to Rule 4:6-2(e), "the [c]ourt is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint[,]" and "plaintiffs are entitled to every reasonable inference of fact." Printing Mart, 116 N.J. at 746 (citations omitted).

Dismissal for failure to state a claim "should be granted in only the rarest of instances." Id. at 772. "The examination of a complaint's allegations of fact required by the [previously stated] principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." Id. at 746.

### III.

### A.

### Count One

### LAD

In count one of their second amended complaint, plaintiffs assert LAD claims against Fairview and Related for the sexual harassment perpetrated by Mendoza. Plaintiffs contend count one alleged sufficient facts to show that sexual harassment occurred: (1) within the scope of Mendoza's employment, justifying the imposition of vicarious liability against both Fairview and Related; and (2) as a consequence of Fairview and Related's deficient hiring, management and/or supervision of Mendoza, Fairview and Related are directly liable. Regarding count one, plaintiffs also argue the court failed to evaluate their LAD claim pursuant to the direct liability framework set forth in Restatement (Second) of Agency § 219 and Lehmann. The court and both parties agree that Restatement (Second) of Agency § 219 should be applied to analyze Traore's LAD sexual harassment claim.

The LAD prohibits sexual discrimination in housing and real property transactions, by making it unlawful:

> For any person, including but not limited to, any owner, lessee, sublessee, assignee or managing agent of, or other person having the right of ownership or possession of or the right to sell, rent, lease, assign, or sublease any real property or part or portion thereof, or any agent or employee of any of these:
> (1) To refuse to sell, rent, lease, assign, or sublease or otherwise to deny to or withhold from any person or group of persons any real property or part of portion thereof because of . . . sex . . . .

14

[N.J.S.A. 10:5-12(g).]

Our courts have not yet considered the issue of employer liability in the context of an employee's sexual harassment of a third party in a housing or real property transaction under subsection (g).

"Sexual harassment is a form of sex discrimination that violates both Title VII and the LAD." Lehmann, 132 N.J. at 601. Our Supreme Court established a four-part test for an employee "[t]o state a claim for hostile work environment sexual harassment." Id. at 603-04. The first Lehmann prong requires the plaintiff to allege the harassment "occurred because of their sex," or "would not have occurred but for" their sex. C.V. Waterford Twp. Bd. of Educ., 255 N.J. 289, 296 (2023); see also Lehmann, 132 N.J. at 603. The Lehmann Court held that the "first prong will automatically be satisfied when the plaintiff alleges sexual touching, which by nature occurs because of a person's sex." C.V. at 3. "When the harassing conduct is sexual or sexist in nature, the but-for element will automatically be satisfied." Id.

Here, the court correctly dismissed count one against Fairview. It never employed Mendoza, who is an employee of the independent contractor Related, and LAD liability cannot be imposed on an entity for the discriminatory conduct of the employee of an independent contractor. See Majestic Realty Assocs. v.

Toti Contracting Co., 30 N.J. 425, 430-31 (1959). In Majestic Realty Associates, our Court noted it has long been the rule in New Jersey that one who hires an independent contractor is not responsible for the latter's negligent acts. Id. at 430-31. The Court held there are three exceptions that apply:

> (1) where one retains control over the manner and means by which the work is to be performed;
>
> (2) where the work constitutes a nuisance per se; or
>
> (3) where on knowingly engaged an incompetent contractor.

None of these exceptions apply to Fairview based upon the factual record. Because Fairview and Mendoza are not in a master-servant relationship by virtue of Related's independent contractor status, Restatement (Second) of Agency § 219 does not apply and therefore it would be inappropriate to hold Fairview liable for Mendoza's discriminatory conduct. See E.S. for G.S. v. Brunswick Inv. Ltd. P'ship, 469 N.J. Super. 279, 290 n. 5 (App. Div. 2021).

However, the court erred in dismissing count one against Related because Restatement (Second) of Agency § 219 does apply to a master-servant relationship, such as the employment relationship between Related and Mendoza. Traore has sufficiently pled an LAD claim against Related because Mendoza's touching of Traore and quid pro quo offer of an apartment and

financial assistance in exchange for sex was intended to benefit Related by leasing a Fairview apartment if she acceded to his demands. We also conclude Traore sufficiently pled a vicarious liability claim against Related under the Restatement (Second) of Agency § 219(d)(2). When a vicarious liability claim is asserted, the factfinder is required to engage in a "detailed fact-specific analysis," and answer each of the following four questions:

> (1) Did the employer delegate the authority to the supervisor to control the situation of which the plaintiff complains . . .?
>
> (2) Did the supervisor exercise that authority?
>
> (3) Did the exercise of authority result in a violation of [the LAD]?
>
> (4) Did the authority delegated by the employer to the supervisor aid the supervisor in injuring the plaintiff?
>
> If each of these questions are answered in the affirmative, then the employer is vicariously liable for the supervisor's harassment under [Restatement] § 219(2)(d).
>
> [Aguas v. State, 220 N.J. 494, 514 (2015) (quoting Lehmann, 132 N.J. at 620).]

Here, we find Traore sufficiently pled that Mendoza was aided by agency—according to Restatement (Second) of Agency § 219(d)(2)—because, in his position as Related's manager, he undertook the discriminatory conduct in

the form of sexual harassment as part of an effort to obtain tenants for Related's benefit. Thus, count one is reinstated, as to Related, so that the factfinder can consider the above-mentioned four-part test to determine whether Related is vicariously liable for Mendoza's conduct. Regardless of the factfinder's ultimate conclusion, these allegations, as they currently stand, support a cause of action against Related for vicarious liability under Lehmann and Restatement (Second) of Agency § 219(d)(2).

We further conclude Traore sufficiently pled a direct negligence claim against Related under the Restatement (Second) of Agency § 219(2)(b). When a direct negligence claim is asserted, the factfinder must consider five factors:

> (1) formal policies prohibiting harassment in the workplace;
>
> (2) complaint structures for employees' use, both formal and informal in nature;
>
> (3) anti-harassment training, which must be available to all employees of the organization;
>
> (4) the existence of effective sensing or monitoring mechanisms to check the trustworthiness of the policies and complaint structures; and
>
> (5) an unequivocal commitment from the highest levels of the employer that harassment would not be tolerated, and demonstration of that policy commitment by consistent practice.

[Aguas, 220 N.J. at 513.]

Here, Related asserts that it should be insulated from liability because it had anti-harassment training and policies in place for its employees. We disagree. Although an employer's anti-harassment policy "is a critical factor in determining negligence and recklessness claims under Restatement § 219(2)(6)," it is an affirmative defense to liability and thus is irrelevant to determining whether plaintiff has stated a claim under the LAD. See Aguas v. State, 220 N.J. at 499-500. Thus, based upon our de novo review, we conclude the court erred when it dismissed count one as to Related.

B.

Count Two

Aiding and Abetting Under the LAD

A plaintiff proves aiding and abetting against an employer under the LAD by showing that:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his [or her] role as part of an overall illegal or tortious activity at the time that he [or she] provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.
>
> [Tarr, 181 N.J. at 84 (quoting Hurley v. Atl. City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999)).]

19

A claim for aiding and abetting "require[es] active and purposeful conduct." Cicchetti v. Morris Cnty. Sheriff's Off., 194 N.J. 563, 594 (2008) (citation omitted). Aiding and abetting liability focuses on "whether a defendant knowingly gave substantial assistance to someone engaged in wrongful conduct, not on whether the defendant agreed to join the wrongful conduct." Podias v. Mairs, 394 N.J. Super. 338, 353 (App. Div. 2007) (citation, internal quotations and emphasis omitted). To prove an aiding and abetting claim under the LAD, "a plaintiff must show that '(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.'" Tarr v. Ciasulli, 181 N.J. at 84 (alteration in original) (quoting Hurler v. Atl. City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999)).

In our view, plaintiffs' second amended complaint does not allege any facts supporting a claim for aiding and abetting against Fairview or Related. Because plaintiffs have not alleged that Fairview and Related were aware of Mendoza's role in bargaining for sex or placed him in a position of authority for the purpose of furthering this violation, these facts fail to support an aiding and abetting claim. See Tarr, 181 N.J. at 84.

20

Specifically, although the second amended complaint alleged Fairview owned the property that Related was charged with leasing and the leasing office in which Mendoza worked, which displayed Fairview's signage, these allegations do not support Fairview "knowingly and substantially assisted" Mendoza in sexually harassing Traore. Simply stated, they do not allege Fairview encouraged or assisted, let along knew about Mendoza's wrongful conduct. See Tarr, 181 N.J. at 85 (finding owner of automobile franchise was not individually liable to employee under LAD as an aider and abettor of sexual harassment of employee; there was no evidence that owner encouraged any of the wrongful conduct against the employee, that he assisted the wrongdoers, or that he was even present when the wrongful conduct occurred; and at best, the owner negligently supervised his employees). Thus, the court correctly dismissed count two as to Fairview.

We likewise find count two does not state a viable aiding and abetting claim against Related. Plaintiffs alleged Related hired Mendoza for a managerial position without conducting proper background checks or implementing effective anti-harassment policies and training after he was hired and prior to the incident in question. These allegations fall short of the active, knowing, and purposeful conduct required to establish liability for aiding and

21

abetting. See Tarr, 181 N.J. at 85. Thus, the court properly dismissed plaintiffs' aiding and abetting claim against Fairview and Related with prejudice.

## C.

## Count Three

## Tortious Conduct

Count three of the second amended complaint merely avers that defendants' conduct "was tortious in nature," without setting forth any facts establishing the elements of a cause of action that resulted in damages to plaintiffs. The failure to satisfy the fundamental requirement that a complaint "state the essential elements of a cause of action," Zoneraich v. Overlook Hospital, 212 N.J. Super. 83, 101 (App. Div. 1986), serves as a basis to dismiss the third count with prejudice because the claim is vague and conclusory.

We note that the court construed count three as a claim for "the intentional tort of sexual harassment" based on the alleged violations of the LAD pled in count one. Regardless, dismissal of count three with prejudice as to Related is unwarranted and premature at this juncture because the pleading standard might be met upon amending the second complaint. When determining the adequacy of a pleading, we must search the complaint thoroughly "and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from

22

an obscure statement of claim, opportunity being given to amend if necessary." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171.

It is the existence of the fundament of a cause of action that is pivotal. Teamsters Local 97 v. State, 434 N.J. Super. 393, 412 (App. Div. 2014). We therefore reverse the dismissal with prejudice as to count three so that plaintiffs may be given the opportunity to amend and sufficiently establish a fundament of a cause of action against Related based on Mendoza's alleged tortious conduct.

## D.

### Count Four

### Negligent Hiring and Supervision/Training

"An employer whose employees are brought into contact with members of the public in the course of their employment is responsible for exercising a duty of reasonable care in the selection or retention of its employees." Di Cosala, 91 N.J. at 170-71. "Unlike respondent superior, negligent hiring, supervision, and training are not forms of vicarious liability and are based on the direct fault of an employer. G.A.-H., 238 N.J. at 415. The tort of negligent hiring has two fundamental requirements. Ibid.

The plaintiff first must show that irrespective of whether the employee was acting within the scope of his or her employment:

> (1) that the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons" and (2) "that, through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury."
>
> [Ibid. (quoting Di Cosala, 91 N.J. at 173).]

The tort of negligent supervision or training similarly requires that the employer "knew or had reason to know that the failure to supervise or train an employee in a certain way would create a risk of harm" and the "risk of harm materializes and causes the plaintiff's damages." Ibid.

Here, we conclude the second amended complaint adequately sets forth a cause of action against Related for the torts of negligent hiring and negligent supervision or training. It is well established that if a fundament of a cause of action can be gleaned from even an obscure statement then the complaint should survive the preliminary stage. Printing Mart, 116 N.J. at 746. Although plaintiffs' second amended complaint was bare bones in nature, we are satisfied from the particular claims asserted—such as the incomplete background check and ineffective anti-harassment policies and trainings—that the second amended

24

complaint was legally sufficient to withstand a dismissal under Rule 4:6-2(e). Therefore, count four was improperly dismissed and is reinstated as to Related only.

E.

Count Five

Per Quod Claim

Diane's per quod claim for loss of consortium and reimbursement for payment of his wife Traore's medical expenses pled in count five is reinstated as to count four only. It is well settled that a per quod claim is a derivative claim, not a separate cause of action. Weir v. Mkt. Transition Facility, 318 N.J. Super. 436, 444 (App. Div. 1999). Such claims must be joined with the primary claim in a single action, and the derivative claim can rise no higher than the claim of the other spouse. Ibid. (quoting Tichenor v. Santillo, 218 N.J. Super. 165, 173 (App. Div. 1987)).

Here, even though we have reinstated Traore's cause of action for violations of the LAD against Related in count one, Diane's per quod claim as to that count is not viable because per quod damages are not recoverable under the LAD. Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 500 (App.

Div. 1994). Our reversal of Traore's negligence cause of action in count four, however, operates to reinstate Diane's per quod claim on that count.

To the extent that we have not specifically addressed plaintiffs' remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3345-21